Richard FRANCIONI, Petitioner,

v.

Louie L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation, State of Florida, Respondent.

No. 80–5696
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

July 13, 1981.

Joel Hirschhorn, Miami, Fla., for petitioner.

Steven R. Jacob, Asst. Atty. Gen., Miami, Fla., for respondent.

Before RONEY, FRANK M. JOHNSON, Jr. and HENDERSON, Circuit Judges.

PER CURIAM:

Richard Francioni was convicted in Florida of aggravated assault and use of a firearm in the commission of a felony. He was sentenced to the minimum three-year prison term mandated by Florida law.[1] After exhausting his state remedies, Francioni filed a petition for writ of habeas corpus in the United States District Court for the Southern District of Florida. As grounds for relief, he asserted that the three-year mandatory sentence, as applied in his case, constituted cruel and unusual punishment in violation of the Eighth Amendment.[2] The district court dismissed the petition, and we affirm.

At the time of the altercation which led to the filing of the charges against him, Francioni had been a police officer with the City of Miami Beach Police Department for some 20 years. On December 24, 1976, he was off-duty and driving along the Florida Turnpike. Detective Hinman, a member of the Traffic Homicide Investigation Unit of the Dade County Public Safety Department, was traveling the same highway. Hinman was in plain clothes and was driving an unmarked car. Believing that Francioni had passed through a toll gate without paying, Hinman placed a portable flashing light on his dashboard and began pursuit. Francioni pulled over, but sped off again as Hinman stepped from his vehicle. Hinman resumed chase with his siren sounding and forced Francioni off the board. Francioni got out of his car and pointed his loaded service revolver at Hinman. Hinman produced his police identification and ordered Francioni to put the gun down. Francioni refused to do so, demanded to know why he had been stopped, and stated that he, too, was a police officer. Hinman called for emergency assistance on his police radio. When at one point Hinman unstrapped his holster and attempted to draw his gun, Francioni threatened to kill him. Uniformed policemen eventually arrived, and Francioni was handcuffed and transported to a police station.

On the basis of these facts, Francioni urges that his three-year sentence is grossly disproportionate to the severity of his particular offense and thus constitutes cruel and unusual punishment.[3] The district court addressed this contention by using the three-pronged proportionality analysis advocated by this court in *Rummel v. Estelle,* 587 F.2d 651 (5th Cir. 1978) (en banc), aff'd, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). Specifically, it found that 1) Francioni's crime was directed against another person and was violent in nature; 2) Francioni could have received a similar mandatory sentence with no possibility of parole or probation in seven other states; and 3) similar serious offenses result in mandatory minimum sentences under Florida law. We have no reason to doubt these findings. Moreover, a plurality of this court sitting en banc has now determined that our three-pronged proportionality test is no longer viable. In *Terrebonne v. Blackburn,* 646 F.2d 997 (5th Cir., 1981) (en banc), we examined the Supreme Court's opinion in *Rummel* and concluded that, although the Court affirmed our decision to deny Rummel relief, it nevertheless rejected our un-

---

1. Fla.Stat.Ann. § 775.087(2)(a):

    Any person who is convicted of any ... aggravated assault ... and who had in his possession a 'firearm,' ... shall be sentenced to a minimum term of imprisonment of 3 years .... [A]djudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld, nor shall the defendant be eligible for parole, prior to serving such minimum sentence.

2. Francioni also challenged the sufficiency of the evidence in support of his conviction. This argument has been abandoned on appeal.

3. We emphasize that Francioni does not question the facial validity of the Florida statute which prescribed his punishment.

derlying analysis. *Rummel* as interpreted in *Terrebonne*, essentially limits our inquiry to whether the sentence imposed for the offense involved serves a substantial state interest. Applying this standard here, we conclude that the mandatory three-year prison term imposed for aggravated assault and use of a firearm in the commission of a felony does serve a substantial state interest. Accordingly, Francioni is not entitled to habeas corpus relief.

AFFIRMED.