453 So.2d 808 (1984)
Timothy BUNNELL, Petitioner,
v.
STATE of Florida, Respondent.
No. 64105.
Supreme Court of Florida.
July 19, 1984.
Robert E. Jagger, Public Defender, and Howard L. Crown, Asst. Public Defender, Sixth Judicial Circuit, Clearwater, and G. Robertson Dilg, Sp. Asst. Public Defender, Public Defender Clinic, Stetson College of Law, Orlando, for petitioner.
Jim Smith, Atty. Gen., and Robert J. Landry and Theda James Davis, Asst. Attys. Gen., Tampa, for respondent.
SHAW, Justice.
This petition seeks review of a district court decision, State v. Bunnell, 447 So.2d 228 (Fla. 2d DCA 1983), which expressly upheld the validity of chapter 82-150, Section *809 1, Laws of Florida (codified as section 843.035, Florida Statutes (Supp. 1982)). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Bunnell was charged in county court with obstruction of justice by giving false information in violation of section 843.035. Bunnell moved to dismiss on the ground that chapter 82-150, section 1, Laws of Florida, violated the "one-subject" provision of article III, section 6 of the Florida Constitution. The trial court granted the motion, finding that chapter 82-150 contained two subjects bearing no reasonable relationship to each other. On appeal, the district court reversed, holding that the statute was constitutional in that it did not violate article III, section 6. We disagree and quash the district court decision.
In pertinent part, article III, section 6 provides that "[e]very law shall embrace but one subject and matter properly connected therewith, and the subject shall be briefly expressed in the title."
The title of chapter 82-150 reads:
An act relating to the Florida Council on Criminal Justice; creating s. 843.185, [now section 843.035] Florida Statutes, prohibiting the obstruction of justice by false information; providing a penalty; amending s. 23.152(3), (4) and (8), Florida Statutes, changing and reducing the membership of the council; providing for nonvoting representatives of members; providing for review and repeal of Part VIII of Chapter 23, Florida Statutes, relating to the "Florida Criminal Justice Council Act" in accordance with the Regulatory Sunset Act; providing an effective date.
Section 1 of the act creates section 843.185 which reads:
843.185 Obstruction by false information.  Whoever in any manner knowingly gives a false name or a false address with intent to obstruct the due execution of the law, or with the intent to intimidate, hinder, or interrupt any law enforcement officer or beverage enforcement agent in the legal performance of his duty under the construction or laws of this state, whether such obstruction is effected or not, is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Section 2 of the act amends section 23.152, Florida Statutes (1981), relating to the Florida Council on Criminal Justice. Section 3 repeals section 23.152 and other sections relating to the Florida Council on Criminal Justice, effective 1 July 1983, subject to "sunset" review under section 11.61, Florida Statutes (1981). Section 4 provides an effective date of 1 July 1982.
The purpose of the requirement in article III, section 6 that "the subject shall be briefly expressed in the title" is to provide notice to all concerned of the general nature and substance of the act. Kirkland v. Phillips, 106 So.2d 909 (Fla. 1958). We agree with the district court that the title provides adequate notice and is not constitutionally infirm for that reason.
The subject matter of the act is another matter. We recognize the applicability of the rule that legislative acts are presumed to be constitutional and that courts should resolve every reasonable doubt in favor of constitutionality. Hanson v. State, 56 So.2d 129 (Fla. 1952). Nevertheless, it is our view that the subject of section 1 has no cogent relationship with the subject of sections 2 and 3 and that the object of section 1 is separate and disassociated from the object of sections 2 and 3. State ex rel. Landis v. Thompson, 120 Fla. 860, 163 So. 270 (1935); and Williams v. State, 100 Fla. 1054, 132 So. 186 (1930). We hold that section 1 of 82-150 was enacted in violation of the one-subject provision of article III, section 6, Florida Constitution.
The district court decision is quashed and the case remanded for proceedings consistent with this opinion.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD and EHRLICH, JJ.,