Mr. Tom Gardner Executive Director Department of Natural Resources Marjory Stoneman Douglas Building 3900 Commonwealth Boulevard Tallahassee, Florida 32399
Dear Mr. Gardner:
You have asked whether s. 370.16(35), F.S., applies to the shells of oysters "imported" from other states.
Section 370.16(35)(a), F.S., provides that:
 Except for oysters used directly in the half-shell trade, all shells from oysters and clams shucked commercially in the state shall be and remain the property of the Division of Marine Resources. . . . (e.s.)
The plain language of s. 370.16(35)(a), F.S., applies to the shells of all oysters shucked commercially in the state, regardless of their origin.[1] The only exception provided in the statute is for oysters or clams which are shucked commercially in this state for use directly in the half shell trade.
When a statute is plain and unambiguous on its face, it is not necessary to resort to the laws of statutory construction in an effort to clarify that which is already clear. Nevertheless, an examination of the legislative history of the statute supports the conclusion that the Legislature intended s. 370.16(35)(a), F.S., to apply to "imported" oysters as well as native oysters.
Prior to 1977, s. 370.16(35)(a), F.S. (1975), provided, "[e]xcept in the case of oysters shipped in the shells out of the area where produced, all oyster shells shall be and remain the property of the Division of Marine Resources. . . ." Thus, the 1975 statute appears to have applied only to shells from oysters produced in Florida.[2]
Under s. 370.16(35)(a), F.S. (1975), the shells of oysters produced in one county and transported to another county were not subject to the division's claim of ownership. You have indicated that oyster producers or processors were shipping oysters out of an area of production to avoid the division's asserting ownership of the shells. Consequently, the Legislature remedied this situation by adopting Ch. 77-206, Laws of Florida.
A review of the legislative history of Ch. 77-206, Laws of Florida, however, discloses a legislative concern with the application of s. 370.16(35)(a), F.S., to "imported" oysters. House Bill 1037, Florida House of Representatives (1977) (later codified as Ch. 77-206, Laws of Florida) was introduced to amend s. 370.16, F.S. (1975). During committee discussion on the bill, an amendment was proposed to except from state ownership the shells of oysters produced outside the state as long as those shells are not mixed with the shells of oysters produced in the state.[3] This amendment was adopted, subsequently reconsidered, and tabled. A second amendment excepting the shells of "oysters produced outside the state" was adopted, then reconsidered and tabled.[4] The resulting legislation, Ch. 77-206, Laws of Florida, contained none of the language of the proposed amendments, and did not distinguish oysters by the area in which they are produced.
Based upon the above, it can only be concluded that the Legislature intended s. 370.16, F.S., to apply to "imported" oysters.[5]
The state's ownership of oysters found in bodies of water within the jurisdiction of the state is not questioned.[6] Unlike native oysters, which the state owns by virtue of its sovereignty,[7]
imported oysters do not come from waters within the jurisdiction of the state. Thus, I am unable to conclude that the basis for the state's asserting a proprietary interest in native oysters could be extended to the shells of oysters bought in another state and imported for commercial shucking.
The state's assertion of an ownership interest in "imported" oyster shells under s. 370.16(35)(a), F.S., however, may raise constitutional issues.[8] While such constitutional issues may require significant consideration, this office must presume the constitutionality of a duly enacted statute.[9]
Therefore, I must conclude, based upon the plain language of the statute and its legislative history, that s. 370.16(35)(a), F.S., does apply to the shells of all oysters shucked commercially in Florida, regardless of their origin.
Sincerely,
Robert A. Butterworth Attorney General (ls)
[1] See, Carson v. Miller, 370 So.2d 10 (Fla. 1979) (unambiguous statutory language must be accorded its plain meaning); Thayer v. State, 335 So.2d 815 (Fla. 1976) (legislative intent is determined by the plain language of the statute).
[2] Cf., s. 370.02(2), F.S., charging the Division of Marine Resources with the duty to "preserve, manage, and protect the marine, crustacean, shell and anadromous fishery resources of the state in the waters thereof." (e.s.)
[3] House of Representatives Committee on Natural Resources Meeting, April 27, 1977, Tape 1 of 1.
[4] Id.
[5] See, Parker v. State, 406 So.2d 1089 (Fla. 1981) (legislative intent is the polestar to interpreting the provisions of a statute); State v. Williams, 343 So.2d 35 (Fla. 1977).
[6] Section 370.10(1), F.S., provides that "[a]ll fish, shellfish, sponges, oysters, clams, and crustacea found within . . . bodies of water within the jurisdiction of the state, and within the Gulf of Mexico and the Atlantic Ocean within the jurisdiction of the state . . . are the property of the state and may be taken and used by its citizens and persons not citizens, subject to the reservations and restrictions imposed by these statutes."
[7] See, Id.; s. 11, Art. X, State Const., providing that "[t]itle to lands under navigable waters, within the boundaries of the state, . . . is held by the state, by virtue of its sovereignty, in trust for all the people"; and s. 1(a), Art. II, State Const., providing a legal description of the boundaries of the State of Florida.
[8] See, s. 1, Art. XIV, U.S. Const., providing, in part, "nor shall any State deprive any person of life, liberty, or property, without due process of law," and s. 9, Art. I, State Const., providing, in part, that "[n]o person shall be deprived of life, liberty or property without due process of law." The materials accompanying your request also indicate a concern with commerce clause implications in the application of s. 370.16(35)(a), F.S., to native shells which may be shipped out of the state. The application of s. 370.16(35)(a), F.S., to native shells is, as noted above, not addressed in this opinion.
[9] See, Bunnell v. State, 453 So.2d 808 (Fla. 1984) (legislative acts are presumed constitutional); Gulfstream Park Racing Association v. Department of Business Regulation, 441 So.2d 627
(Fla. 1983) (statutes are presumed constitutional and should be construed so if possible).