545 So.2d 908 (1989)
Ruth Ann BLANKENSHIP, Carlton Gary, Pamela Joanne Harrell, Don Montgomery, William Frank Randall, James G. Scarberry, Stanley Earl Granger, Gail Marie Wright, Ethel Lulgenia Byrd, Steven Joseph Grabowski, Ronald Ray Land, Randall Scott Payne, John Roger Hofstra, Kimberly Ann Luckett, Troy W. Owens, Timothy James Pridgen, Dorcas Ray, Rodney Allen Stewart, Royce Beasley Massey, Dean B. Erickson, Rodney Everett Johnson, Lisa Sue Nice, Tyrone Franklin, Donald Curtis Holton, Appellants,
v.
STATE of Florida, Appellee.
Nos. 88-01349, 88-01353, 88-01354, 88-01356, 88-01357, 88-01359, 88-01419, 88-01421, 88-01430-88-01433, 88-01553-88-01555, 88-01557, 88-01559, 88-01560, 88-01602, 88-01694, 88-01715, 88-01716, 88-01799 and 88-01801.
District Court of Appeal of Florida, Second District.
April 12, 1989.
James Marion Moorman, Public Defender, and Lawrence D. Shearer, Asst. Public Defender, Bartow, for appellants.
Robert A. Butterworth, Atty. Gen., Tampa, and William I. Munsey, Jr., David R. Gemmer, Michele Taylor, Donna A. Provonsha, Davis G. Anderson, Candance M. Sunderland, Robert J. Landry, Charles Corces, Jr., Peggy A. Quince, Joseph R. Bryant, Katherine V. Blanco, Lauren Hafner Sewell, Gary O. Welch, Asst. Attys. Gen., Tampa, for appellee.
THREADGILL, Judge.
These consolidated appeals challenge an order of the trial court which declared section 893.13, Florida Statutes (1987), to be constitutional. We affirm.
Appellants were charged by information with the purchase of cocaine in violation of section 893.13. They contend that the enacting legislation, chapter 87-243, Laws of Florida, known as the "Crime Prevention and Control Act" violates the one subject requirement of article III, section 6 of the Florida Constitution, and is thus unconstitutional.
This issue was recently addressed by the fourth district in State v. Burch, 545 So.2d 279 (Fla. 4th DCA 1989). The court held in Burch that chapter 87-243, Laws of Florida, did not violate the one subject requirement because the different targets of the Act were naturally and logically connected, and the court noted the legislature's prerogative to include a broad range of topics in the Act. State v. Burch, 545 So.2d at 285-286. We agree with that decision and affirm the order of the trial court finding the statute to be constitutional. Because we find this issue to be of great public importance, however, we certify the following question to the supreme court:
DOES SECTION 893.13, FLORIDA STATUTES (1987) VIOLATE THE ONE SUBJECT RULE OF THE FLORIDA CONSTITUTION?
Appellant Blankenship also contends and the state concedes that the order placing her on probation erroneously reflects a five-year term of probation rather than a *909 three-year term as pronounced by the court. We remand only for correction of the written order of probation.
Affirmed in part; remanded in part.
SCHOONOVER, A.C.J., concurs.
HALL, J., concurs in part, dissents in part with Opinion.
HALL, Judge, concurring in part, dissenting in part.
I concur with the majority in remanding the instant case for correction of the written order of probation, but I respectfully disagree with the majority and the decision of the Fourth District Court of Appeal in State v. Burch, 545 So.2d 279 (Fla. 4th DCA 1989), holding that chapter 87-243, Laws of Florida, does not violate article III, section 6 of the Constitution of the State of Florida. Section 6 provides that "[e]very law shall embrace but one subject and matter properly connected therewith."
The seventy-six sections of chapter 87-243 cover sixteen separate subjects ranging from drug abuse crimes and hoax bombs to witness tampering.
As our supreme court pointed out in Bunnell v. State, 453 So.2d 808 (Fla. 1984), where the subjects of the different sections of an act have no cogent relationship and the objects of the sections are separate and disassociated, the enactment of the act is in violation of the one subject provisions of article III, section 6 of the Florida Constitution.
I would, therefore, find chapter 87-243 unconstitutional in that it includes more than one subject within its provisions.