546 So.2d 1192 (1989)
Roger BENNETT, Appellant,
v.
STATE of Florida, Appellee.
No. 88-02633.
District Court of Appeal of Florida, Second District.
August 4, 1989.
James Marion Moorman, Public Defender, and Andrea Steffen, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David R. Gemmer, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant Roger Bennett challenges an order of the trial court upholding the constitutionality of section 893.13(1)(e), Florida Statutes (1987).
Appellant was convicted and sentenced for purchasing cocaine in violation of section 893.13(1)(e). Among his points on appeal, he contends the enacting legislation, chapter 87-243, Laws of Florida, violates the one subject requirement of article III, section 6 of the Florida Constitution. We recently rejected this argument in Blankenship v. State, 545 So.2d 908 (Fla. 2d DCA 1989) (Hall, J., Dissenting), and held that chapter 87-243 did not violate the one subject rule. See also State v. Burch, 545 So.2d 279 (Fla. 4th DCA 1989). We therefore affirm the order of the trial court upholding the constitutionality of section 893.13(1)(e).
We have examined and we reject appellant's remaining points on appeal.
As in Blankenship, we find the issue of whether chapter 87-243 violates article III, section 6 of the Florida Constitution to be of great public importance and certify the following question to the supreme court:
DOES SECTION 893.13(1)(e), FLORIDA STATUTES (1987), VIOLATE THE ONE SUBJECT RULE OF ARTICLE III, SECTION 6 OF THE FLORIDA CONSTITUTION?
Affirmed.
SCHEB and SCHOONOVER, JJ., concur.
CAMPBELL, C.J., specially concurs.
CAMPBELL, Chief Judge, specially concurring.
Were it not for the precedent this court has already established in Blankenship, et al. v. State, 545 So.2d 908 (Fla. 2d DCA 1989) (Hall, J., Dissenting) and Lewis v. State, 545 So.2d 427 (Fla. 2d DCA 1989), I would agree with Judge Hall's dissent in *1193 Blankenship and hold that chapter 87-243, Laws of Florida, violates the one subject requirement of article III, section 6 of the Florida Constitution.
Chapter 87-243 has such diverse provisions as follows:
(1) Section 10 amends section 232.26, Florida Statutes (1985), pertaining to the authority of a school principal to delegate responsibility for control and direction of students.
(2) Section 24 relates to reports of accidents of vessels in or upon entering into or exiting from the water.
(3) Section 46 amends section 924.07, Florida Statutes (1985), relating to appeals by the state.
(4) Section 73 creates section 177.086, Florida Statutes (1987), relating disposition of rights of way when cul-de-sacs are created on streets or roads in a municipality or county.
(5) Section 74 authorizes funding of the Safe Neighborhoods Act out of the General Appropriations Act.
Inasmuch as we are bound by the precedent of our prior decisions, I concur in the certification of this issue to our supreme court.