548 So.2d 811 (1989)
Laurie Ann LEONARDI, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1217.
District Court of Appeal of Florida, Fifth District.
September 7, 1989.
James B. Gibson, Public Defender, and Glen P. Gifford, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Fleming Lee, Asst. Atty. Gen., Daytona Beach, for appellee.

ON MOTION FOR REHEARING
COBB, Judge.
Having considered appellant's motion for rehearing, we vacate our earlier decision and substitute this opinion.
The appellant, Leonardi, first contends that the statute under which she was convicted  section 893.13(1)(a), Florida Statutes (1987)  was unconstitutionally amended by Chapter 87-243, Laws of Florida. She argues that the 1987 amendment violates the single subject requirement of Article III, Section 6, Florida Constitution. We disagree for the reasons set forth in Smith v. Department of Insurance, 507 So.2d 1080 (Fla. 1987) and State v. Lee, 356 So.2d 276 (Fla. 1978), but join the Second and Fourth District Courts of Appeal[1] in certifying the following question to the Florida Supreme Court:
DOES SECTION 893.13, FLORIDA STATUTES (1987) VIOLATE THE ONE SUBJECT RULE OF THE FLORIDA CONSTITUTION?
We agree with the appellant's second contention that the trial court's probation order runs afoul of Dorfman v. State, 351 So.2d 954 (Fla. 1977), holding that general *812 sentences may not be imposed. The order should be corrected to reflect that the probation imposed applies to only one offense, or apportion the total probation among the two offenses concerned. The state agrees that Dorfman requires resentencing.
AFFIRMED IN PART; REMANDED IN PART.
COWART and GOSHORN, JJ., concur.
NOTES
[1] See Blankenship v. State, 545 So.2d 908 (Fla. 2d DCA 1989); State v. Burch, 545 So.2d 279 (Fla. 4th DCA 1989).