553 So.2d 797 (1989)
Raymond Carl KEEGAN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 89-194.
District Court of Appeal of Florida, Fifth District.
December 21, 1989.
*798 James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Fleming Lee, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
The defendant appeals his conviction for purchasing cocaine in violation of section 893.13(1)(a)1, Florida Statutes, and asserts that Chapter 87-243 which amended section 893.13(1)(a), Florida Statutes, to among other things, create the crime of purchase of a controlled substance, is unconstitutional because its enactment violated the requirement of Article III, § 6, Florida Constitution, that every law have but one subject in that Chapter 87-243 is a massive enactment of some 76 sections dealing with many different matters.
We affirm on the authority of Morrow v. State, 547 So.2d 1236 (Fla. 5th DCA 1989) (en banc), jurisdiction accepted, Case No. 74,582 (Fla. Aug. 22, 1989); Leonardi v. State, 548 So.2d 811 (Fla. 5th DCA 1989); Clark v. State, 551 So.2d 585 (Fla. 2d DCA 1989); Bennett v. State, 546 So.2d 1192 (Fla. 2d DCA 1989); Blankenship v. State, 545 So.2d 908 (Fla. 2d DCA 1989); State v. Burch, 545 So.2d 279 (Fla. 4th DCA 1989) all of which upheld Chapter 87-243 on the ground that the different aspects of that act are naturally and logically connected.[1]
To expedite an early and final resolution of this frequently raised issue, we certify the following to be a question of great public importance:
DID THE ENACTMENT OF CHAPTER 87-243 VIOLATE THE ONE SUBJECT RULE OF ARTICLE III, § 6, FLORIDA CONSTITUTION?
AFFIRMED; QUESTION CERTIFIED.
DANIEL, C.J., and DAUKSCH and COWART, JJ., concur.
NOTES
[1] We have considered the question of whether even if ch. 87-243 were unconstitutionally impaired when enacted, its infirmity may have been cured or eliminated by subsequent legislative action. Specifically, pursuant to, and under the authority of, the legislative direction in § 11.2421, Florida Statutes, the Joint Legislative Management Committee (see § 11.147, Fla. Stat.) § 4, ch. 87-243, Laws of Florida, was incorporated as § 893.13(1)(a) in the compilation of the public statutes of a general and permanent nature entitled "Florida Statutes, 1987" which compilation was adopted and enacted at the general session of the 1989 legislature by s. 1, ch. 89-64, Laws of Florida, effective June 16, 1989, as the official statute law of the state. § 11.2421, Fla. Stat. (1989). Therefore, the infirmity, if any, in the original enactment of § 4, ch. 87-243, Laws of Florida, may have been cured by the 1989 legislative enactment of all statutes set forth in "Florida Statutes, 1987." See State ex rel Badgett v. Lee, 156 Fla. 291, 22 So.2d 804 (1945). However, the conviction in this case relates to conduct allegedly occurring on October 28, 1988, approximately 8 months prior to the effective date of the curative re-enactment and therefore is unaffected by it.