558 So.2d 1 (1990)
Stacy BURCH and Kenny Mike Brown, Petitioners,
v.
STATE of Florida, Respondent.
No. 73826.
Supreme Court of Florida.
February 15, 1990.
Rehearing Denied April 12, 1990.
Richard Jorandby, Public Defender and Anthony Calvello and Louis G. Carres, Asst. Public Defenders, West Palm Beach, for petitioners.
Robert A. Butterworth, Atty. Gen., and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for respondent.
GRIMES, Justice.
We review State v. Burch, 545 So.2d 279 (Fla. 4th DCA 1989), in which the court certified the following question as one of great public importance:
IS SECTION 893.13(1)(e), FLORIDA STATUTES (1987) CONSTITUTIONAL?
Id. at 287. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the question in the affirmative.
There are two petitioners in this case. One was charged with selling cocaine, and the other was charged with buying cocaine, both within 1000 feet of a school, in violation of section 893.13(1)(e), Florida Statutes (1987).[*] The trial court declared the statute unconstitutional and dismissed the charges. The district court of appeal reversed and upheld the validity of the statute.
Petitioners' initial argument is that chapter 87-243, Laws of Florida, of which section 893.13(1)(e) was a part, violates that portion of article III, section 6 of the Florida Constitution, which provides:
Every law shall embrace but one subject and matter properly connected therewith, and the subject shall be briefly expressed in the title.
Petitioners point to the broad scope of chapter 87-243 which includes such topics as the definition of certain crimes, drug abuse education, safe neighborhoods, forfeiture *2 of conveyances, entrapment, crime prevention studies, and money laundering. The state asserts that all sections of the act are naturally and logically connected within the parameters of this Court's interpretation of the single-subject rule.
Many years ago, the Court in State v. Thompson, 120 Fla. 860, 163 So. 270 (1935), established the criteria by which the validity of a statute should be measured with respect to the similarly worded constitutional predecessor of article III, section 6:
Where duplicity of subject-matter is contended for as violative of Section 16 of Article III of the Constitution relating to and requiring but one subject to be embraced in a single legislative bill, the test of duplicity of subject is whether or not the provisions of the bill are designed to accomplish separate and disassociated objects of legislative effort.
Id. at 892-93, 163 So. at 283.
There have been many decisions interpreting the single-subject rule. In State v. Lee, 356 So.2d 276 (Fla. 1978), we considered whether chapter 77-468, Laws of Florida, violated article III, section 6, because it dealt with both insurance and tort reform. In upholding the act, we pointed out:
The purpose of the constitutional prohibition against a plurality of subjects in a single legislative act is to prevent a single enactment from becoming a "cloak" for dissimilar legislation having no necessary or appropriate connection with the subject matter. E.g., Colonial Inv. Co. v. Nolan, 100 Fla. 1349, 131 So. 178 (1930). This constitutional provision, however, is not designed to deter or impede legislation by requiring laws to be unnecessarily restrictive in their scope and operation. See State ex rel. X-Cel Stores, Inc. v. Lee, 122 Fla. 685, 166 So. 568 (1936). This Court has consistently held that wide latitude must be accorded the legislature in the enactment of laws. .. .
Id. at 282.
In Chenoweth v. Kemp, 396 So.2d 1122 (Fla. 1981), we debated whether chapter 76-260, Laws of Florida, was unconstitutional because it contained provisions covering medical malpractice, tort litigation, and insurance reform. Holding that the act did not violate article III, section 6, we said:
[T]he subject of an act "may be as broad as the Legislature chooses as long as the matters included in the act have a natural or logical connection."
Id. at 1124 (quoting Board of Public Instruction v. Doran, 224 So.2d 693, 699 (Fla. 1969)).
Once again, in Smith v. Department of Insurance, 507 So.2d 1080 (Fla. 1987), this Court addressed the constitutionality of the 1986 Tort Reform and Insurance Act, chapter 86-160, Laws of Florida. In analyzing this comprehensive act we found that it covered five basic areas: (1) long-term insurance reform, (2) tort reform, (3) temporary insurance reform, (4) creation of a task-force to study tort reform and insurance law, (5) modification of financial responsibility requirements applicable to physicians. The Court referred to the preamble of the act which explained how the tort reform provisions and the insurance regulatory provisions were "properly connected" for purposes of article III, section 6. Despite the many disparate subtopics contained within the act, we determined that all of them were reasonably related to the liability insurance crisis which the act was intended to address.
The subject matter of chapter 87-243 is not as diverse as that contained in the legislation approved in Lee, Chenoweth, and Smith. In the preamble to chapter 87-243, the legislature explained the reasons for this legislation:
WHEREAS, Florida is facing a crisis of dramatic proportions due to a rapidly increasing crime rate, which crisis demands urgent and creative remedial action, and
WHEREAS, Florida's crime rate crisis affects, and is affected by, numerous social, educational, economic, demographic, and geographic factors, and
WHEREAS, the crime rate crisis throughout the state has ramifications which reach far beyond the confines of the traditional criminal justice system *3 and cause deterioration and disintegration of businesses, schools, communities, and families, and
WHEREAS, the Joint Executive/Legislative Task Force on Drug Abuse and Prevention strongly recommends legislation to combat Florida's substance abuse and crime problems, and asserts that the crime rate crisis must be the highest priority of every department of government within the state whose functions touch upon the issue, so that a comprehensive battle can be waged against this most insidious enemy, and
WHEREAS, this crucial battle requires a major commitment of resources and a nonpartisan, nonpolitical, cohesive, well-planned approach, and
WHEREAS, it is imperative to utilize a proactive stance in order to provide comprehensive and systematic legislation to address Florida's crime rate crisis, focusing on crime prevention, throughout the social strata of the state, and
WHEREAS, in striving to eliminate the fragmentation, duplication, and poor planning which would doom this fight against crime, it is necessary to coordinate all efforts toward a unified attack on the common enemy, crime... .
To accomplish this purpose, chapter 87-243 deals with three basic areas: (1) comprehensive criminal regulations and procedures, (2) money laundering, and (3) safe neighborhoods. Each of these areas bear a logical relationship to the single subject of controlling crime, whether by providing for imprisonment or through taking away the profits of crime and promoting education and safe neighborhoods. The fact that several different statutes are amended does not mean that more than one subject is involved. There is nothing in this act to suggest the presence of log rolling, which is the evil that article III, section 6, is intended to prevent. In fact, it would have been awkward and unreasonable to attempt to enact many of the provisions of this act in separate legislation.
We do not believe that Bunnell v. State, 453 So.2d 808 (Fla. 1984), dictates a contrary conclusion. In Bunnell this Court addressed chapter 82-150, Laws of Florida, which contained two separate topics: the creation of a statute prohibiting the obstruction of justice by false information and the reduction in the membership of the Florida Criminal Justice Council. The relationship between these two subjects was so tenuous that this Court concluded that the single-subject provision of the constitution had been violated. Unlike Bunnell, chapter 87-243 is a comprehensive law in which all of its parts are directed toward meeting the crisis of increased crime.
We also note that in addition to the court below, the four other district courts of appeal have addressed the validity of chapter 87-243, and each of them has held that the act does not violate the single-subject provision of our constitution. Bentley v. State, 555 So.2d 405 (Fla.3d DCA 1989); Leonardi v. State, 548 So.2d 811 (Fla.5th DCA 1989); Dame v. State, 547 So.2d 1038 (Fla.1st DCA 1989); Blankenship v. State, 545 So.2d 908 (Fla.2d DCA 1989).
In State v. Kinner, 398 So.2d 1360, 1363 (Fla. 1981), this Court stated:
[W]e are aware of the strong presumption in favor of the constitutionality of statutes. It is well established that all doubt will be resolved in favor of the constitutionality of a statute, Bonvento v. Board of Public Instruction of Palm Beach County, 194 So.2d 605 (Fla. 1967), and that an act will not be declared unconstitutional unless it is determined to be invalid beyond a reasonable doubt. Knight and Wall Co. v. Bryant, 178 So.2d 5 (Fla. 1965), cert. denied 383 U.S. 958, 86 S.Ct. 1223, 16 L.Ed.2d 301 (1966).
Despite its breadth, when chapter 87-243 is tested by this standard, we cannot say that it violates the single-subject provision of our constitution.
With respect to the remaining issues raised by petitioners, we adopt the well-reasoned opinion of Judge Letts in the court below and approve the decision of that court.
It is so ordered.
OVERTON and McDONALD, JJ., concur.
*4 EHRLICH, C.J., concurs with an opinion.
SHAW, J., dissents with an opinion, in which BARKETT and KOGAN, JJ., concur.
EHRLICH, Chief Justice, concurring.
While I concur with the Court's opinion, I nonetheless maintain the views expressed in my dissent in Smith v. Department of Insurance, 507 So.2d 1080 (Fla. 1987). The facts in this case are substantially different.
SHAW, Justice, dissenting.
The purpose of the constitutional requirement that every law embrace but one subject is to prevent subterfuge, surprise, "hodgepodge," and logrolling in legislation. Santos v. State, 380 So.2d 1284, 1285 (Fla. 1980). The constitution requires "examining the act to determine if the provisions `are fairly and naturally germane to the subject of the act.'" Smith v. Department of Ins., 507 So.2d 1080, 1087 (Fla. 1987). The challenged act's title embraces eight pages of description. It contains seventy-six sections, including three separate titles (Crime Prevention and Control Act; Money Laundering Control Act; Safe Neighborhoods Act), and provisions on the following unrelated subjects: drug-abuse crimes, drug education, vehicle registration, vessel-operation crimes, money laundering, hoax bombs, pawn brokers, entrapment, attempted burglary, witness tampering, appeal by the state, judgment costs, chop shops, crime-prevention studies, and safe-neighborhood programs. The common thread that permeates the fabric of the legislation is crime prevention. However, an act in violation of the single-subject provision of the constitution cannot be saved or pass constitutional muster by virtue of the fact that improvement of the criminal justice system is the general object of the law  it is the subject matter which is our focus. Williams v. State, 459 So.2d 319, 321 (Fla.5th DCA), appeal dismissed, 458 So.2d 274 (Fla. 1984). Included in the unrelated subjects logrolled into the act is a section treating real property forfeiture  a provision that the discontinuance of rights-of-way caused by the installation of cul-de-sacs shall not operate as abandonment of the rights-of-way. I am unable to accept the argument that the treatment of rights-of-way is logically or fairly related to the control of drugs.
Although in Smith we said that the one-subject requirement must be applied with common sense, and in Chenoweth v. Kemp, 396 So.2d 1122 (Fla. 1981), and State v. Lee, 356 So.2d 276 (Fla. 1978), we noted that the legislature has wide latitude in the enactment of acts, provided that matters included in acts have a natural and logical connection, these propositions do not militate against the requirement that the matters included in an act must bear a logical and natural connection, and must be germane to one another. In my view, it will not suffice to say all of the act's provisions deal with crime prevention or control. By upholding the constitutionality of the act before us, the single-subject requirement of the constitution is rendered meaningless.
As noted in Bunnell v. State, 453 So.2d 808 (Fla. 1984), the constitution requires a "cogent relationship" among sections of an act in order to avoid unconstitutionality. I find that relationship lacking here. Therefore, I dissent.
BARKETT and KOGAN, JJ., concur.
NOTES
[*] Section 893.13(1) reads in relevant part:

(e) Except as authorized by this chapter, it is unlawful for any person to sell, purchase, manufacture, or deliver, or to possess with the intent to sell, purchase, manufacture, or deliver, a controlled substance in, on, or within 1,000 feet of the real property comprising a public or private elementary, middle, or secondary school. Any person who violates this paragraph with respect to:
1. A controlled substance named or described in s. 893.03(1)(a), (1)(b), (1)(d), (2)(a), or (2)(b) is guilty of a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
2. A controlled substance named or described in s. 893.03(1)(c), (2)(c), (3), or (4) is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.