PER CURIAM.
The state appeals a trial court order declaring section 893.13(l)(e)l, Florida Statutes (applying a three year mandatory minimum sentence to those convicted of sale, purchase, etc. of a controlled substance within 1000 feet of a school) unconstitutional. We reverse.
This court has determined, in State v. Williams, 603 So.2d 635 (Fla. 4th DCA 1992), that this statute does not violate the cruel or unusual punishment provision of Article I, Section 17, of the Florida Constitution.
We also note that although Williams appears to rely entirely upon Scales v. State, 603 So.2d 504 (Fla.1992), there are additional authorities that support upholding the constitutionality of this statute even if the opportunity to place a defendant in a drug program pursuant to section 397.12, Florida Statutes (the issue in Scates) were not available to the trial court. See generally e.g., State v. Benitez, 395 So.2d 514 (Fla.1981); Harmelin v. Michigan, — U.S. -, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991); Phillips v. State, 578 So.2d 40 (Fla. 4th DCA 1991); State v. Burch, 545 So.2d 279 (Fla. 4th DCA 1989), adopted, 558 So.2d 1 (Fla.1990); Francioni v. Wainwright, 650 F.2d 590 (5th Cir.1981).
We have considered the “proportionality” test discussed in Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) but deem its principles inapplicable to this statute.
GLICKSTEIN, C.J., and GUNTHER and STONE, JJ., concur.