PER CURIAM.
Richard Caminiti was arrested in a reverse sting operation and charged with purchase of cocaine within 1000 feet of a school in violation of section 893.13(l)(e), Florida Statutes (1991). Caminiti moved to dismiss on the basis that it was improper for the police to use cocaine rocks which had been previously seized in unrelated cases and repackaged for use in the reverse sting. The issue addressed at the hearing on this motion was whether the police conduct in repackaging the cocaine fell within the definition of “manufacturing.” Section 893.02(13)(a) provides:
“Manufacture” means the production, preparation, propagation, compounding, cultivating, growing, conversion, or processing of a controlled substance, either directly or indirectly, by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging of the substance or labeling or relabeling of its container ...
The trial court reluctantly granted the motion to dismiss based upon Kelly v. State, 593 So.2d 1060 (Fla. 4th DCA), review denied, 599 So.2d 1280 (Fla.1992), and the statutory definition of “manufacture”, which includes packaging or relabeling. The State of Florida appeals the dismissal of the information. We reverse.
Kelly is distinguishable. There, the trial court denied the defendant’s motion to dismiss charges of purchasing cocaine within 1,000 feet of a school. On appeal this court reversed and ruled that the use of reconstituted crack which was manufactured by the police in a sting operation infringed on the defendant’s right to due process of law, citing State v. Glosson, 462 So.2d 1082 (Fla.1985). We concluded that the definí *142 tion of “manufacture” contained in section 893.02(12)(a), Florida Statutes (1989) (the predecessor statute to the one at bar) included conversion of a controlled substance into crack and that the police misconduct rose to the level of a violation of the constitutional principles of due process. In the instant ease the police conduct did not rise to the level of a violation of due process. In Kelly the police “manufactured” the crack in the classic sense of the word. Their actions resulted in the release into the community of a new and different controlled substance than that which they had originally seized. In the present case the substance underwent no transformation and was in the identical chemical form in which it had been originally seized. The only police conduct involved was their act of placing the rocks into smaller packages and marking them for identification. Without the ability to perform this minimal activity, reverse stings would be virtually impossible. Such a ruling would be inconsistent with current statutory provisions which allow police officers acting in the course of their duties to possess and deliver a controlled substance.[1] We note that not every violation of statute results in the deprivation of a defendant’s due process rights. See e.g., State v. Glosson, 462 So.2d 1082 (Fla.1985). Accordingly, we reverse the dismissal of the information against the defendant.
REVERSED and REMANDED for further consistent proceedings.
LETTS and POLEN, JJ„ and ALDERMAN, JAMES E., Senior Justice, concur.

. See section 893.13(5), Fla.Stat. (1991). See also, State v. Burch, 545 So.2d 279 (Fla. 4th DCA 1989), aff'd, Burch v. State, 558 So.2d 1 (Fla.1990).