JORGENSON, Associate Judge.
The Division of Administrative Hearings (DOAH) appeals from an order of final summary judgment declaring that four legislative enactments violate the Florida Constitution’s “one subject rule.” For the following reasons, we reverse.
Five school boards from various counties in Florida brought this challenge to the Florida Legislature’s enactment of a budgetary system for funding the boards’ hourly use of DOAH’s administrative hearings services. Prior to the enactment of the challenged system, the Legislature appropriated a lump sum to DOAH for its operating budget. In 1990, the Legislature appropriated separate amounts to various user agencies including the Department of Education, which in turn would transfer its appropriation to DOAH. The school boards would then reimburse DOAH on an hourly basis, rather than an agency lump-sum basis. The appropriations act provided:
Beginning July 1, 1990 ... school districts ... shall remit to the Department of Education $230.77 for each administrative hearing hour scheduled with the Division of Administrative Hearings. The Department shall transfer these funds to the Division of Administrative Hearings.
Ch. 90-209 (413A), Laws of Florida. The 1991-1992 General Appropriations Act clarified the system by providing that:
From the funds provided in Specific Appropriation 411A, the Department shall transfer to the Division of Administrative Hearings $213.09 for each hour of administrative hearings scheduled as presented below:
... school districts ... shall remit to the Department of Education $213.09 for each administrative hearing hour scheduled with the Division of Administrative Hearings. The Department shall transfer these funds to the Division of Administrative Hearings.
Ch. 91-193 (411A), Laws of Florida. In 1991 and 1992, the Florida Legislature enacted two separate laws — not part of the General Appropriations Acts — that implemented the proviso language. Both laws provided that should a school board fail to reimburse expenses arising from its use of DOAH hearings services, the Department of Education could withhold the unreimbursed amount from that school board’s general revenue allocation. Chapter 91-157, section 64, Laws of Florida, provides that:
If a school district board fails to make a timely payment for the services provided by hearing officers of the Division of Administrative Hearings as provided annually in the General Appropriations Act, the Commissioner of Education shall withhold, from any general revenue funds the district is eligible to receive, an amount sufficient to pay for the hearing officer services. The Commissioner shall transfer the amount withheld to the Division of Administrative Hearings in payment of such services.
The 1992 enabling act, chapter 92-121, Laws of Florida, contained virtually identical language.
The school boards challenged the 1990 and 1991 appropriations provisos on the basis of article III, section 12 of the Florida Constitution, the single subject requirement for an appropriations bill, asserting that the provisos unconstitutionally altered or amended substantive law by requiring them to pay for their share of DOAH’s services. The school boards also challenged the 1991 and 1992 enabling acts, arguing that they violated article III, section 6 of the Florida Constitution, requiring general laws to contain only a single subject.
*1129 The trial court ruled on cross motions for summary judgment, and without explanation declared that both the appropriations provisos and the enabling legislation violated the single subject rule of article III, section 12, which deals only with appropriations. The court enjoined further enforcement of the budgetary scheme.
The trial court erred in finding the challenged appropriations provisos unconstitutional. The Florida Constitution’s mandate that appropriations bills “contain provisions on no other subject” requires only that the appropriations bill not amend existing law on subjects other than appropriations, and that a qualification or restriction rationally relate to the purpose of the appropriation. Brown v. Firestone, 382 So.2d 654, 664 (Fla.1980). The supreme court reasoned that the purpose behind the constitutional requirement was to preserve the integrity of the legislative process and “ensure that all considerations prompting legislative action are fully aired.” Brown, 382 So.2d at 664.
The school boards have failed to demonstrate that the appropriations acts altered any substantive law; none of the statutes or regulations cited by the boards deal in any way with reimbursing DOAH for the services of its hearing officers. The school boards have also failed to demonstrate that the appropriations failed to meet the second prong of Brown — that the proviso language directly relate to the purpose of the appropriation and that it not seek to further any hidden legislative agenda. Simply put, the appropriations provisos reflect only a new method of budgeting operating expenses for DOAH on an hourly basis rather than an agency lump-sum basis. The budgetary scheme differs from past methods of funding, but changes no substantive law. The method of budgeting costs is reasonably related to the appropriations, and requires an hourly reimbursement system that is more detailed than the previous system. The provisos concern only the appropriations process and related budgeting mechanisms.
Likewise, the trial court erred in declaring the 1991 and 1992 implementing language unconstitutional. At the outset, the trial court mistakenly applied article III, section 12 to laws that were not part of the General Appropriations Act. The “single subject” requirement for appropriations bills applies only to appropriations bills. Amos v. Moseley, 74 Fla. 555, 77 So. 619 (1917); State v. Burch, 545 So.2d 279, 287 (Fla. 4th DCA 1989), approved, 558 So.2d 1 (Fla.1990). The enabling acts provide a method of ensuring that the school boards pay their proportionate share for using DOAH services, and do not appropriate any particular sum. Moreover, the enabling acts do not violate the single subject requirement of article III, section 6 of the Florida Constitution. The laws deal with only one topic — ensuring payment by the school boards for their use of DOAH hearing officers — and are logically connected to that goal. See Smith v. Department of Insurance, 507 So.2d 1080 (Fla.1987) (Tort Reform and Insurance Act does not violate article III, section 6 even though seventy-act section dealt with five different areas, as all areas rationally connected to central goal).
Accordingly, we reverse the order of summary judgment and remand with directions to enter summary judgment for DOAH.[1]
BARFIELD and ALLEN, JJ., concur.

. Our disposition of this appeal renders moot the issues raised on cross appeal.