FRUSCIANTE, JOHN A., Associate Judge.
Lamount Hamon appeals from an adjudication of guilt for attempted purchase of cocaine stemming from a reverse-sting operation where the undercover officers were selling counterfeit cocaine. He argues that, under section 817.564, Florida Statutes (1997), his due process rights were violated when police sold him the counterfeit cocaine. We disagree and affirm his conviction.
It is undisputed that section 817.564 does not provide an exemption for the sale of imitation controlled substances by law enforcement officers acting in a criminal investigation. As such, the sale of the counterfeit cocaine by police was illegal under this section. Still, not every violation of a statute results in the deprivation of a defendant’s due process rights. See State v. Caminiti, 613 So.2d 141, 142 (Fla. 4th DCA 1993). Rather, this court must employ a balancing test on a case-by-case approach to determine whether the police conduct involved is “so outrageous as to shock the Court’s sense of fairness.” United States v. Bounos, 730 F.2d 468, 474 (7th Cir.1984).
The parties have not cited, and our research has not uncovered, any case which either permits or prohibits such sales. We find instruction, however, from prior cases dealing with the manufacturing of controlled substances by police agencies. In State v. Williams, 623 So.2d 462 (Fla.1993), approving our decision, 593 So.2d 1064 (Fla. 4th DCA 1992), for example, the Florida Supreme Court found that the manufacture of crack cocaine by law enforcement officials for use in a reverse-sting operation constitutes governmental misconduct which violates the due process clause of the Florida Constitution. In Williams, the chemist for the Broward County Sheriffs Office took seized, powdered cocaine and converted it into crack cocaine pursuant to the Sheriffs approval. Following a reverse sting where the police-manufactured crack was sold to Williams, he was convicted of purchasing a controlled substance within 1000 feet of a secondary school pursuant to section 893.13, Florida Statutes.
*1067 The supreme court approved this court’s reversal of his conviction. The court noted that, while section 893.13 excludes the delivery of controlled substances by a law enforcement officer for bona fide law enforcement purposes in the course of an active criminal investigation (i.e., reverse stings), there was no corresponding provision which allowed law enforcement officials to manufacture a controlled substance. Therefore, it found that the Broward County Sheriffs Office acted illegally in manufacturing the crack cocaine it used in the reverse-sting operation which led to Williams’ arrest. It explained,
The delivery of a controlled substance in a reverse-sting operation [which section 893.13 allows] is worlds apart from the manufacture of a dangerous controlled substance.... [T]he facts in the instant case show that the law enforcement officers’ conduct in illegally manufacturing crack cocaine is so outrageous that it violates the due process clause.
[[Image here]]
... The illegal manufacture of crack cocaine by law enforcement officials violates this Court’s sense of justice and fairness.[1]
623 So.2d at 466-67; accord Tisby v. State, 638 So.2d 56, 57 (Fla.1994); Metcalf v. State, 635 So.2d 11 (Fla.1994).
Williams and its progeny clearly present a more compelling case of due process violations than the one at bar. Specifically, the reverse sting in which Hamon was arrested was not conducted near a school, nor was there any evidence that the police manufactured the counterfeit substance that they sold to him. Nor do we have the elevation of a drug to an even more threatening form than it was originally, as in Kelly v. State, 593 So.2d 1060 (Fla. 4th DCA), rev. denied, 599 So.2d 1280 (Fla.l992)(powdered cocaine converted by law enforcement to crack cocaine).
Had the police in Williams sold, and not manufactured, real cocaine, section 893.13 would have provided an exemption, and, thus, the defendant’s due process rights would not have been violated. Nor would we have been confronted with the deprivation of a defendant’s due process rights in Kelly if the police had sold rock cocaine that was not converted by the police. It was the conversion, and not the rock cocaine, that was offensive in Kelly.
The state presents the argument that either section 983.09(5), which provides law enforcement officials with immunity from civil or criminal liability for lawfully enforcing controlled substance laws, or section 893.13(8)(h), as a matter of policy, should exempt police from the sale of imitation cocaine. These statutes, however, deal with controlled substances only, and neither makes any reference to section 817.564.
Still, because we believe that appellate courts all over the state will continue to face issues related to the sale of imitation substances by police during reverse-sting operations, the better alternative would have the legislature establishing a specific exemption in section 817.564 that would allow for such sales. It is ironic that had the officer sold Hamon cocaine that had been seized and not counterfeited, we would no doubt have had one less case on our dockets.
In borrowing from Judge Hersey’s dissenting opinion in Kelly, we would state that the police action, while technically a violation, is not sufficiently egregious to merit the condemnation the defense heaps upon it. Simply put, the selling of imitation cocaine instead of real cocaine neither shocks the conscience of this court nor *1068 does it “offend those canons of decency and fairness which express the notions of justice.” Malinski v. New York, 324 U.S. 401, 417, 65 S.Ct. 781, 89 L.Ed. 1029 (1945).
Although we believe it should be placed on the legislative agenda so as to avoid further attacks in other jurisdictions, we fail to find one logical reason why the legislature would not approve of the police selling counterfeit cocaine when they have already approved of them selling real cocaine. Nor can we even fathom any controversy among our legislators regarding the use of a safe counterfeit cocaine in the place of real cocaine.[2]
AFFIRMED.
TAYLOR, J., concurs.
POLEN, J., dissents with opinion.

. In finding the conduct by the police outrageous, the supreme court paid particular attention to the fact "that crack cocaine is highly addictive and has caused death,” "that a significant portion of the crack cocaine manufactured for use in reverse-sting operations was lost,” and "that the police conducted the reverse-sting operation within one thousand feet of a high school.” Id. at 466-67.

. The only controversy that could reasonably be expected is one dealing with the use of reverse stings in general — clearly not the stated subject of this appeal. To give the legisla-lure an opportunity to discuss reverse stings when that is not an issue presented to us would be tantamount to legislating from the bench.