736 So.2d 736 (1999)
Xzavier TRAPP, Appellant,
v.
STATE of Florida, Appellee.
No. 97-4496.
District Court of Appeal of Florida, First District.
June 17, 1999.
*737 Nancy A. Daniels, Public Defender; Angela Shelley, Assistant Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Attorney General; Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for appellee.
WOLF, J.
Xzavier Trapp appeals from a judgment and sentence for attempted first-degree murder. Appellant raises two issues: (1) Whether the trial court abused its discretion in allowing the state to present demonstrative evidence in the form of a diagram to facilitate witness testimony, and (2) whether the 1995 criminal guidelines score sheet provisions of chapter 95-184 are unconstitutional in violation of the single-subject rule. We find no error as to issue one and affirm without further comment. As to the second issue, we determine that chapter 95-184 does not violate the single-subject rule under the supreme court's analysis in Burch v. State, 558 So.2d 1 (Fla.1990). We do, however, question whether the passage of this enactment may have involved impermissible logrolling. We, therefore, ask the supreme court to address the constitutionality of chapter 95-184 as a question of great public importance.
After a jury verdict finding defendant guilty of attempted first-degree murder, the trial court sentenced appellant to 155.75 months in prison, utilizing the 1995 sentencing guidelines enacted in chapter 95-184, Laws of Florida. Appellant argues that chapter 95-184 was unconstitutionally enacted in violation of the single-subject requirement of the Florida Constitution.
Article III, section 6 of the Florida Constitution (single-subject requirement) states in pertinent part, "[e]very law shall embrace but one subject and matter properly connected therewith...." In State v. Lee, 356 So.2d 276, 282 (Fla.1978), the supreme court stated, "The purpose of the constitutional prohibition against a plurality of subjects in a single legislative act is to prevent a single enactment from becoming a `cloak' for dissimilar legislation having no necessary or appropriate connection with the subject matter." A similar purpose for this constitutional provision was more recently recognized in State v. Johnson, 616 So.2d 1, 4 (Fla.1993), and Martinez v. Scanlan, 582 So.2d 1167, 1172 (Fla.1991). As with all constitutional challenges, we are to presume the legislation is constitutional and that courts should resolve every reasonable doubt in favor of constitutionality. See Bunnell v. State, 453 So.2d 808, 809 (Fla.1984). In addition, the single-subject requirement contained in article III, section 6 should not be read to "deter or impede legislation by requiring laws to be unnecessarily restrictive in their scope and operation." State v. Lee, 356 So.2d at 282.
Appellant's argument that chapter 95-184 violates the single-subject rule of the Florida Constitution is that the chapter law combines criminal penalties with civil remedies: Career criminal sentencing in sections 2 through 35, and civil remedies for domestic violence injunctions in sections 36 through 38. The identical argument was made in Heggs v. State, 718 So.2d 263 (Fla. 2d DCA), rev. granted, 720 So.2d 518 (Fla.1998), where the second district expressed its belief that the statute was violative of the single-subject requirement, but recognizing the "wide-ranging effect" if the court was to hold the 1995 sentencing guidelines unconstitutional, asked the Florida Supreme Court "to accept jurisdiction for an immediate resolution of the constitutionality of chapter 95-184, *738 Laws of Florida, pursuant to article V, section 3(b)(5) of the Florida Constitution, and Florida Rule of Appellate Procedure 9.125." Id. at 265.[1]
The test for determining validity pursuant to article III, section 6 is whether there is some rational purpose in placing separate provisions within the same enactment.[2] The Legislature is given broad leeway to accomplish its purpose:
The subject of an act `may be as broad as the Legislature chooses as long as the matters included in the act have a natural or logical connection.'
Burch v. State, 558 So.2d 1, 2 (Fla.1990) (quoting Chenoweth v. Kemp, 396 So.2d 1122, 1124 (Fla.1981)). In Burch, the court upheld legislation which included "such topics as the definition of certain crimes, drug abuse education, safe neighborhoods, forfeiture of conveyances, entrapment, crime prevention studies, and money laundering" as being encompassed within the stated legislative purpose of crime prevention.
In Smith v. Department of Ins., 507 So.2d 1080 (Fla.1987), Chenoweth v. Kemp, 396 So.2d 1122 (Fla.1981), and State v. Lee, 356 So.2d 276 (Fla.1978), the court rejected constitutional challenges based on a violation of article III, section 6 even though the legislation dealt with diverse matters, on the basis that the provisions all related to the legislative purpose of insurance and tort reform. The supreme court determined that the test of whether matters have a "natural or logical connection" for the purposes of single-subject analysis is based on "common sense." See Smith, 507 So.2d at 1087. We find that a common-sense relationship exists in the instant case.
All portions of the legislation in the instant case deal with remedies for acts which constitute crimes. While the latter sections of the bill deal with civil remedies relating to domestic violence, the acts of domestic violence contained within these sections constitute crimes. See § 741.28(1), Fla. Stat. (1997). Thus, as in Burch v. State, the overall purpose of this statute can be determined to be crime prevention.
In determining that the rationale of Burch v. State requires that we uphold the act in the instant case, we are not unmindful that the legislation in this case raises several serious concerns. First, unlike Burch, there is no general statement of legislative purpose contained in the bill itself which explains the logical connection among the bill's provisions, nor is the purpose or objective of combining these provisions *739 so clear that a compelling argument cannot be made that a violation of the single-subject requirement exists. In addition, combining provisions for stiffer criminal penalties with civil remedies for domestic violence arguably involves logrolling, which is the evil sought to be prevented by article III, section 6. See Burch, 558 So.2d at 3. Combining provisions that may appeal to different constituencies causes legislators to vote for a provision which they might not necessarily support if it was dealt with separately. This insulates legislators from accountability for their actions thereby violating the intent of article III, section 6, Florida Constitution.
Believing that the Florida Supreme Court should address this matter in the interest of uniformity, we hereby certify the following question to be one of great public importance:
WHETHER CHAPTER 95-184 VIOLATES ARTICLE III, SECTION 6 OF THE FLORIDA CONSTITUTION.
The decision of the trial court is affirmed.
MINER and PADOVANO, JJ., concur.
NOTES
[1] In Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998), the second district held chapter 95-182 to be unconstitutional in violation of the single-subject provision of the Florida Constitution. In Higgs v. State, 695 So.2d 872 (Fla. 3d DCA 1997), the third district upheld the same chapter law as being not violative of the single-subject requirement. Chapter 95-182 is similar to chapter 95-184 in that chapter 95-182 addresses violent criminal career sentencing as well as civil provisions relating to domestic violence injunctions. The supreme court has taken jurisdiction to resolve the conflict between Thompson and Higgs. See State v. Thompson, 717 So.2d 538 (Fla.1998).
[2] The ability to place general labels such as "criminal" or "civil" on separate sections of a legislative act is not dispositive of the question of whether the legislation violates the single-subject requirement. See, e.g., Bunnell v. State, 453 So.2d 808 (Fla.1984) (finding that challenged legislation which dealt with obstruction of justice by giving false information had no cogent relationship with later provisions in bill which dealt with Florida Council on Criminal Justice); Martinez v. Scanlan, 582 So.2d 1167 (Fla.1991) (finding that workers' compensation and international trade were too dissimilar and lacked the necessary logical and rational relationship to pass constitutional muster even though stated legislative purpose was grouped under general terms of comprehensive economic development); State v. Leavins, 599 So.2d 1326 (Fla. 1st DCA 1992) (disapproving legislation which enacted restrictions against certain oil and gas leases within the same bill which set up fees for bear and turkey hunting; utilization of phrase "environmental resources" too broad and potentially encompassed too many topics to fend off a single subject challenge).