786 So.2d 28 (2001)
Curtis HARVEY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-4629.
District Court of Appeal of Florida, First District.
May 1, 2001.
*29 Nancy A. Daniels, Public Defender; Carl S. McGinnes, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; James W. Rogers, Assistant Attorney General, Tallahassee, for Appellee.

OPINION ON APPELLANT'S MOTION FOR REHEARING, REHEARING EN BANC, AND MOTION FOR CERTIFICATION AS WELL AS STATE'S MOTION FOR CLARIFICATION
WOLF, J.
We deny appellant's motion for rehearing and rehearing en banc and the State's motion for clarification. We decline to certify the question proposed by appellant, but grant the motion for certification and certify two alternate questions of great public importance to the Florida Supreme Court. We hereby readopt our original opinion in this case and further address the points raised by appellant in his motion for rehearing and motion for certification.

APPELLANT'S MOTION FOR REHEARING
First, appellant argues that the opinion's finding that he should have filed a Florida Rule of Criminal Procedure 3.800(b) motion raising his single subject challenge in the trial court prior to raising it in his appellate brief ignores the fact that the law in this district at the time he would have had to file such a motion was as stated in Trapp v. State, 736 So.2d 736 (Fla. 1st DCA 1999), which held that the chapter law enacting the changes resulting in the 1995 sentencing guidelines was not violative of the single subject requirement of Article III, section 6 of the Florida Constitution. Second, appellant argues that this court's opinion also ignores the fact that supreme court case law has long held that the facial validity of a statute can be raised for the first time on appeal in a criminal case where the error is fundamental and that nothing in the supreme court's *30 decision in Maddox v. State, 760 So.2d 89 (Fla.2000) changed this principle. Third, appellant argues that this court's opinion misinterprets the supreme court's opinion in Maddox as holding that the most recent amendments to Florida Rule of Criminal Procedure 3.800(b) abolished the concept of fundamental sentencing error in Florida.

Effect, if any, of Trapp Decision on Preservation Rationale Used in this Case
Appellant argues that this court's opinion essentially required him to perform a useless act in order to preserve for appeal his single subject challenge to the 1995 sentencing guidelines because the trial court would have been bound to follow this court's decision in Trapp v. State, 736 So.2d 736 (Fla. 1st DCA 1999), until the supreme court resolved the interdistrict conflict adverse to the decision in Trapp when it issued its opinion in Heggs v. State, 759 So.2d 620 (Fla.2000), on February 17, 2000. For the reasons that follow, appellant's argument in this regard has no merit.
On September 4, 1998, the Second District Court of Appeal issued its opinion in Heggs v. State, 718 So.2d 263 (Fla. 2d DCA 1998), indicating that it was of the opinion "that chapter 95-184 violates the single subject rule because it ... embraces civil and criminal provisions that are not logically connected." Id. at 264. Envisioning a potential interdistrict conflict with the Third District Court of Appeal if it actually held chapter 95-184 violative of the single subject rule, the second district refused to expressly convert its belief into a holding and instead referred the issue directly to the Florida Supreme Court for immediate resolution "so that the trial courts in this state will have the benefit of a uniform pronouncement on the applicability of the 1995 sentencing guidelines." Id. at 265. The supreme court granted review in Heggs on October 1, 1998. See Heggs v. State, 720 So.2d 518 (Fla.1998).
On June 17, 1999, this court issued its opinion in Trapp v. State, 736 So.2d 736 (Fla. 1st DCA 1999), holding that chapter 85-184 did not violate the single subject rule set forth in Article III, section 6 of the Florida Constitution. See id. at 737. This court, in reaching this conclusion, acknowledged the second district's prior opinion in Heggs and the supreme court's grant of review in that case. See id. at 737-38. "Believing that the Florida Supreme Court should address this matter in the interest of uniformity," this court certified to the supreme court as a question of great public importance whether chapter 95-184 violated Article III, section 6 of the Florida Constitution. Id. at 739.
In subsequent per curiam opinions, this court affirmed the validity of sentences on the authority of Trapp, but indicated its decisional conflict with the second district on the issue. See Lott v. State, 743 So.2d 597 (Fla. 1st DCA 1999)(affirming on the authority of Trapp, but certifying conflict with second district on issue); Middleton v. State, 747 So.2d 461 (Fla. 1st DCA 1999)(affirming on the authority of Trapp, but certifying conflict with the second district's opinion in Heggs upon which the supreme court had granted review); McCoy v. State, 746 So.2d 1232 (Fla. 1st DCA 1999)(affirming on the authority of Trapp, but indicating Heggs as contrary authority upon which the supreme court had granted review); Hansen v. State, 746 So.2d 1244 (Fla. 1st DCA 1999)(same). Three of these four decisions were issued in late December 1999, after appellant's sentencing on November 5, 1999, after the change in Florida Rule of Criminal Procedure 3.800(b) seven days later, and after the filing of appellant's notice of appeal on December 3, 1999.
In light of this decisional progression, appellant was on notice during the *31 period between the rule change (November 1999) and the filing of the initial brief in this case (February 2000) that an interdistrict conflict between this court and the second district existed on the issue of the constitutionality of chapter 95-184 under Article III, section 6 of the Florida Constitution, which conflict would ultimately be settled by the Florida Supreme Court pursuant to its grant of review in Heggs. As such, contrary to the view expressed in the motion for rehearing, it would not have been a useless act to have filed the required 3.800(b)(2) motion in the trial court raising the issue, despite the holding in Trapp. In the event the supreme court decided the issue contrary to the decision in Trapp (which it ultimately did in Heggs), the only way appellant would be able to reap the benefits of the decision would be if he had raised his single subject claim in the trial court and thereby preserved it for appellate review. See Espinosa v. State, 626 So.2d 165, 167 (Fla.1993)(holding that, in order for defendant to avail himself of the benefits of a favorable United States Supreme Court decision on a sentencing issue, defendant was required to have preserved that sentencing issue by having raised it in the trial court notwithstanding the fact that the issue would have been and was, in fact, decided adversely to him); Beltran-Lopez v. State, 626 So.2d 163, 164 (Fla. 1993)(same).

Effect, if any, of Maddox on a Defendant's Ability to Raise the Facial Validity of a Statute for the First Time on Appeal
As appellant points out in his motion for rehearing, the supreme court in State v. Johnson, 616 So.2d 1 (Fla.1993), relying on Trushin v. State, 425 So.2d 1126 (Fla.1982), Steinhorst v. State, 412 So.2d 332 (Fla.1982), and Sanford v. Rubin, 237 So.2d 134 (Fla.1970), held that "[a] facial challenge to a statute's constitutional validity may be raised for the first time on appeal only if the error is fundamental." Johnson, 616 So.2d at 3. In Johnson, the supreme court held that the defendant's single subject challenge to chapter 89-280 in that case raised a question of fundamental error which could be raised for the first time on appeal. See id. Clearly, the holding in Johnson allows for the raising of a facial challenge to the constitutionality of a statute for the first time on appeal only if application of the statute to the defendant has such an impact that the resulting error is considered fundamental. A change in the law as to whether and to what extent fundamental sentencing error still exists in Florida would, therefore, impact whether a facial challenge to a sentencing statute can be raised for the first time on appeal in the absence of preservation.
As this court's original opinion pointed out, the supreme court's opinion in Maddox made clear that with the most recent changes to Florida Rule of Criminal Procedure 3.800(b) came the demise of the concept of fundamental sentencing error in Florida. Thus, while Maddox does not change the long-standing principle enunciated in Johnson that the facial validity of a statute can be raised for the first time on appeal if the error is fundamental, the decision in Maddox does change to what extent the facial unconstitutionality of a sentencing statute can even be considered fundamental error.

Fundamental Sentencing Error After Maddox
Appellant contends that, contrary to this court's characterization in its original opinion in this case, the decision in Maddox did not abolish the concept of fundamental sentencing error in cases pending after the effective date of the most recent amendments to Florida Rule of Criminal Procedure 3.800(b). While, as appellant suggests and as this court recognized *32 in its original opinion, Maddox does recognize that the concept of fundamental sentencing error survived the enactment of the 1996 Criminal Appeal Reform Act, the supreme court clearly limited the impact of its discussion of fundamental sentencing error in Maddox only to those defendants who did not have available to them the most recent amendments to Florida Rule of Criminal Procedure 3.800(b). See Maddox, 760 So.2d at 94, 98 & 110. For those defendants who had available the procedural mechanism of the most recent amendments to Florida Rule of Criminal Procedure 3.800(b), the supreme court stated that it envisioned those amendments as "eliminat[ing] the problem of unpreserved sentencing errors raised on direct appeal because the time in which a defendant can file a motion to correct a sentencing error in the trial court is expanded to the time the first appellate brief is filed." Maddox, 760 So.2d at 94. These statements are a clear signal to the criminal defense bar that no unpreserved sentencing errors will be entertained on appeal if the defendant had available to him the procedural mechanism of the most recent amendments to Florida Rule of Criminal Procedure 3.800(b). For this court to read Maddox as appellant doesas a broad affirmation that the concept of fundamental sentencing error survived not only the 1996 Criminal Appeal Reform Act but also all of the amendments to Florida Rule of Criminal Procedure 3.800(b) would render the limiting language in the opinion in Maddox itself meaningless. Clearly, the supreme court would not have included the limiting language had it not intended for the language to have the meaning ascribed to it by this court in the original opinion in this case.

MOTION FOR CERTIFICATION
Appellant asks that we certify to the Florida Supreme Court the following as a question of great public importance:
WHETHER AN APPELLANT CAN RAISE FOR THE FIRST TIME ON APPEAL A SINGLE-SUBJECT CLAIM PURSUANT TO HEGGS V. STATE, 759 So.2d 620 (Fla.2000), IN CASES WHERE THE NOTICE OF APPEAL IS FILED SUBSEQUENT TO THE EFFECTIVE DATE OF THE AMENDMENT TO FLORIDA RULE OF CRIMINAL PROCEDURE 3.800(B)(2), WHICH PERMITS APPELLATE COUNSEL TO FILE A MOTION TO CORRECT SENTENCING ERROR IN THE TRIAL COURT PRIOR TO FILING THE INITIAL BRIEF?
While an answer to this question might resolve the salient points in this case, it is not necessarily worded broadly enough to answer the larger questions raised by the first and third points asserted in appellant's motion for rehearing. In the interests of having those broader questions answered by the supreme court, this court instead certifies the following two questions as questions of great public importance:
WHETHER THE CONCEPT OF FUNDAMENTAL SENTENCING ERROR, AS DISCUSSED IN MADDOX V. STATE, 760 So.2d 89 (Fla.2000), APPLIES TO DEFENDANTS WHO COULD HAVE AVAILED THEMSELVES OF THE PROCEDURAL MECHANISM OF THE MOST RECENT AMENDMENTS TO FLORIDA RULE OF CRIMINAL PROCEDURE 3.800(B) SET FORTH IN AMENDMENTS TO FLORIDA RULES OF CRIMINAL PROCEDURE 3.111(E) AND 3.800 AND FLORIDA RULES OF APPELLATE PROCEDURE 9.020(H), 9.140, AND 9.600, 761 So.2d 1015 (Fla.1999)?
and
WHETHER AN APPELLANT IN THE FIRST DISTRICT COURT OF *33 APPEAL, WHO COULD HAVE AVAILED HIMSELF OF THE PROCEDURAL MECHANISM OF THE MOST RECENT AMENDMENTS TO FLORIDA RULE OF CRIMINAL PROCEDURE 3.800(B) SET FORTH IN AMENDMENTS TO FLORIDA RULES OF CRIMINAL PROCEDURE 3.111(E) AND 3.800 AND FLORIDA RULES OF APPELLATE PROCEDURE 9.020(H), 9.140, AND 9.600, 761 So.2d 1015 (Fla.1999), HAD AN OBLIGATION TO RAISE HIS SINGLE SUBJECT CHALLENGE TO THE 1995 SENTENCING GUIDELINES IN THE TRIAL COURT, DESPITE THE EXISTENCE OF ADVERSE PRECEDENT IN TRAPP V. STATE, 736 So.2d 736 (Fla. 1ST DCA 1999), IN ORDER TO LATER OBTAIN APPELLATE RELIEF BASED ON HEGGS V. STATE, 759 So.2d 620 (Fla.2000)?
DAVIS and BROWNING, JJ., concur.