OPINION ON MOTION FOR REHEARING, REHEARING EN BANC OR CERTIFICATION

PER CURIAM.
Appellant has filed a motion for rehearing, rehearing en banc, and motion for certification arguing that Harvey v. State, 786 So.2d 595 (Fla. 1st DCA 2001), upon which we relied in our opinion affirming his appeal, was wrongly decided. This court has re-adopted its decision in Harvey. See Harvey v. State, 786 So.2d 28 (Fla. 1st DCA 2001)(opinion on rehearing).
Appellant further argues that, even if the court adheres to its Harvey decision, and Maddox v. State, 760 So.2d 89 (Fla.2000) articulated a policy that all sentencing errors should be raised in a Florida Rule of Criminal Procedure 3.800(b)(2) motion, Maddox should be given prospective effect only. Further, appellant argues that, since his initial brief was filed before the Florida Supreme Court decided Maddox, this court is not precluded from ruling on his unpreserved fundamental sentencing errors. We do not agree.
We do not have the authority to apply Maddox only in a prospective manner. The Florida Supreme Court has the “sole power” to determine whether its decision should be prospective or retroactive in effect. See Benyard v. Wainwright, 322 So.2d 473, 474 (Fla.1975); Tascano v. State, 393 So.2d 540, 541 (Fla.1980). Accordingly we deny appellant’s motion for rehearing, rehearing en banc, and motion for certification.
However, we clarify our prior opinion in the instant case to make it clear that, because appellant’s initial brief was filed after the close of the window period provided for in Maddox, we do not reach the merits of either of the unpreserved sentencing errors raised by appellant. While appellant’s principle contention on appeal concerned the trial court’s alleged error in sentencing him as a habitual offender after he violated his probation, appellant also argued that the trial court committed fundamental error by imposing *1156 a habitual offender sentence for appellant’s conviction for possession of cocaine with intent to sell. See State v. McKnight, 764 So.2d 574 (Fla.2000)(affirming this court’s decision that it could correct as fundamen: tal error McKnight’s 10-year habitual felony offender sentence for possession of cocaine noting this error was “correctable during the window period discussed in Maddox”).
In the interest of justice, see Harvey v. State, 786 So.2d 28, we certify the following two questions as questions of great public importance:
WHETHER THE CONCEPT OF FUNDAMENTAL SENTENCING ERROR, AS DISCUSSED IN Maddox v. State, 760 So.2d 89 (Fla.2000), APPLIES TO DEFENDANTS WHO COULD HAVE AVAILED THEMSELVES OF THE PROCEDURAL MECHANISM OF THE MOST RECENT AMENDMENTS TO FLORIDA RULE OF CRIMINAL PROCEDURE 3.800(B) SET FORTH IN AMENDMENTS TO FLORIDA RULES OF CRIMINAL PROCEDURE 3.111(E) AND 3.800 AND FLORIDA RULES OF APPELLATE PROCEDURE 9.020(H), 9.110, AND 9.600, 761 So.2d 1015 (Fla.1999)?
and
WHERE THE DISTRICT COURT PREVIOUSLY RULED THAT A SENTENCING ISSUE IS FUNDAMENTAL ERROR, THE INITIAL BRIEF WAS FILED AFTER THE EFFECTIVE DATE OF RULE 3.800(B)(2), FLORIDA RULES OF CRIMINAL PROCEDURE, BUT BEFORE THE FLORIDA SUPREME COURT DECIDED Maddox v. State, DOES Maddox PRECLUDE THE DISTRICT COURT FROM RULING ON THE ISSUE AS A MATTER OF FUNDAMENTAL ERROR?
BARFIELD, WEBSTER and Van NORTWICK, JJ., concur.