PER CURIAM.
On this direct appeal, John Allen Single-tary raises three points. Specifically, Sin-gletary argues that the trial court committed reversible error and denied him a fair trial on the charge of aggravated assault on a law enforcement officer when one of the State’s key witnesses, a police officer, characterized Singletary’s act as an “aggravated assault” and another officer testified that the act (an automobile collision) was “intentional.” Next, Singletary argues that the trial court committed fundamental error when instructing the jury on the offense of fleeing or attempting to *979 elude a law enforcement officer. Finally, Singletary argues that the trial court committed fundamental error in sentencing him to a three-year minimum mandatory for aggravated assault on a law enforcement officer. We affirm.
The pertinent facts are not disputed. Around 8:25 p.m. on December 29, 2000, Singletary was stopped by the Jacksonville Sheriff’s Office for an illegally displayed temporary tag. After initially stopping, Singletary fled in his vehicle, leading officers on a ten-minute, six-mile chase. The vehicle pursuit ended when Singletary drove his car into an occupied, stationary, police vehicle. Singletary then fled on foot and was apprehended shortly after. Sin-gletary was charged with, among other things, aggravated assault on a law enforcement officer with a deadly weapon, a vehicle, in violation of section 784.07(2)(c), Florida Statutes (2000); and fleeing or attempting to elude a law enforcement officer at high speed in violation of section 316.1935(3), Florida Statutes (2000).
First, the trial court did not abuse its discretion by declining to grant a mistrial when one police officer characterized Singletary’s act as an “aggravated assault” and another officer stated that the collision was “intentional.” See Gore v. State, 784 So.2d 418, 427 (Fla.2001). The comments by the officers were brief and isolated, were not elicited by the State, were not highlighted in closing, and did not comprise the only evidence concerning Single-tary’s intent. Additionally, the trial court immediately struck both statements and gave curative instructions to the jury.
Second, Singletary argues that the jury instruction included a non-existent element of the offense of fleeing or attempting to elude a law enforcement officer. Singletary’s counsel not only failed to object to the instruction, but actually agreed to it, specifically acknowledging that he had no objections. Moreover, counsel affirmatively, and with Singletary’s assent, admitted to the jury that he had no defense to the fleeing and eluding charge. This is a case of affirmative waiver. See Hanks v. State, 786 So.2d 634, 635 (Fla. 1st DCA 2001), review denied 805 So.2d 807 (Fla.2001) (finding that even constitutional error may be waived by a tactical decision on the part of defense counsel). Because we decide this issue on grounds of affirmative waiver, we need not consider whether we would follow the view of section 316.1935, Florida Statutes, subscribed to in Anderson v. State, 780 So.2d 1012 (Fla. 4th DCA 2001).
Third, this court has created a bright line test where an appellant seeks review of unpreserved sentencing errors. See Harvey v. State, 786 So.2d 28 (Fla. 1st DCA 2001), review granted 797 So.2d 585 (Fla.2001). In Harvey, we held “that no unpreserved sentencing errors will be entertained on appeal if the defendant had available to him the procedural mechanism of the most recent amendments to Florida Rule of Criminal Procedure 3.800(b).” Id. at 32. In the instant case, appellant failed to object to the imposition of the three-year minimum mandatory at the time of his sentencing or in his 3.800(b) motion, which addressed other sentencing matters. We therefore decline to review this issue on direct appeal.
AFFIRMED.
MINER, KAHN, and WEBSTER, JJ., concur.