833 So.2d 275 (2002)
Marques Mandred HAYDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-879.
District Court of Appeal of Florida, Fifth District.
December 27, 2002.
*276 Paula C. Coffman, Orlando, for Appellant.
Richard E. Doran, Attorney General, Tallahassee, and Lamya A. Henry, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, R. B., J.
Following a restaurant robbery in December, 2000, Marques Hayden was arrested and charged by information with the offense of robbery with a firearm and a mask in violation of sections 812.13(2)(a), 775.087(2), and 775.0845, Florida Statutes (2000). The information alleged that while both Hayden and his co-defendant, Dantrell Deon Riley, wore masks during the robbery, only Riley carried or possessed a firearm.[1]
Hayden subsequently pled no contest to the charge, and, in exchange for truthful testimony against his co-defendant, the State dismissed the other charges pending against him. While Hayden and the State had no agreement regarding sentencing, it was understood that youthful offender sentencing was to be an option available to the court.
At the plea hearing, the State provided the following factual basis to support the plea:
On December 22nd, Marcus Hayden and Dantrell Riley, with a gun and masks, went into Long John Silver restaurant, committed a robbery. There were some employees that were pushed around and dragged around until they opened the safe.
Mr. Hayden and Mr. Riley, after getting the money, left in a fleeing car that was driven by Lee Richardson. A police officer happened to be nearby, and a high-speed chase ensued. The car crashed. Mr. Riley and Mr. Hayden were passengers and Mr. Richardson was the driver. And recovered inside were two knit caps, two pairs of gloves, *277 and a handgun were [sic] found right next to the car. This occurred in Orange County, Florida.
The trial court advised Hayden that unless a youthful offender sentence was imposed, his sentence would be no less than the ten-year minimum mandatory sentence required by section 775.087(2)(a)(1), up to life in prison. Hayden acknowledged that he understood the range of potential sentences, and the court then accepted his plea. Subsequently, Hayden was sentenced to twenty years in prison with the court imposing the ten-year minimum mandatory sentence required by section 775.087(2)(a)(1) for possession of a firearm during the commission of a felony.
On appeal, Hayden argues that because the State's information failed to allege that he personally possessed a firearm during the commission of the felony, the ten-year minimum mandatory term required by section 775.087(2)(a)(i) is inapplicable to him. We affirm because the issue was not preserved for appeal.
While Hayden correctly asserts that we have held that the State must plead and prove that the defendant had actual physical possession of the firearm during the commission of the felony before the court can impose the section 775.087(2) minimum mandatory sentence, see Demps v. State, 649 So.2d 938 (Fla. 5th DCA 1995), Hayden failed to preserve the issue either by raising it below or by filing a motion to correct sentence under Florida Rule of Criminal Procedure 3.800(b). Instead, Hayden argues that imposing the minimum mandatory provision on him constitutes fundamental error that can be corrected on appeal even though not preserved below. We disagree.
As Hayden argues, imposing the minimum mandatory provisions of section 775.087(2) constitutes a sentencing error[2] because the information failed to allege that he personally possessed a firearm.[3] However, as we held in Capre v. State, 773 So.2d 92, 92 (Fla. 5th DCA 2000), "sentencing errors occurring after the effective date of amended rule 3.800(b), even fundamental ones, are barred if not raised at trial or in post-trial proceedings pursuant to rule 3.800." The sentencing error in this case occurred after the effective date of amended rule 3.800(b). As the first district explained in Harvey v. State, 786 So.2d 28, 32 (Fla. 1st DCA), review granted, 797 So.2d 585 (Fla.2001):
For those defendants who had available the procedural mechanism of the most recent amendments to Florida Rule of Criminal Procedure 3.800(b), the supreme court stated it envisioned those amendments as "eliminat[ing] the problem of unpreserved sentencing errors raised on direct appeal because the time in which a defendant can file a motion to correct a sentencing error in the trial court is expanded to the time the first appellate brief is filed." Maddox [v. State], 760 So.2d [89] at 94 [(Fla.2000) ]. These statements are a clear signal to the criminal defense bar that no unpreserved sentencing errors will be entertained on appeal if the defendant had *278 available to him the procedural mechanism of the most recent amendments to Florida Rule of Criminal Procedural 3.800(b).
We agree with Harvey that the limiting language in Maddox, when considered in conjunction with the 1996 Criminal Appeal Reform Act and the amendments to Florida Rule of Criminal Procedure 3.800(b), clearly stands for the proposition that unpreserved sentencing errors, even fundamental errors, will no longer be entertained on appeal.
AFFIRMED.
SHARP, W. and GRIFFIN, JJ., concur.
NOTES
[1] Specifically, in relevant part, the information alleged "in the course of committing said robbery Dantrell Deon Riley did actually possess and carry a firearm, and Dantrell Deon Riley and Marques Mandred Hayden did wear a hood, mask, or other device that concealed the identity of the defendant."
[2] A "sentencing error" includes "harmful errors in orders entered as a result of the sentencing process. This includes errors in orders of probation, orders of community control, cost and restitution orders, as well as orders within the sentence itself." See Amendments to Florida Rules of Criminal Procedure 3.111(e) & 3.800 & Florida Rules of Appellate Procedure 9.020(h), 9.140, & 9.600, 761 So.2d 1015, 1017 (Fla.1999), reh'g granted, 761 So.2d at 1025 (Fla.2000).
[3] The factual basis offered by the State to support the plea also fails to assert that Hayden personally possessed a firearm during the commission of the robbery.