848 So.2d 1060 (2003)
Curtis HARVEY, Petitioner,
v.
STATE of Florida, Respondent.
No. SC01-1139.
Supreme Court of Florida.
June 12, 2003.
Nancy A. Daniels, Public Defender, and Carl S. McGinnes, Assistant Public Defender, Second Judicial Circuit, Tallahassee, Florida, for Petitioner.
Charles J. Crist, Jr., Attorney General, and James W. Rogers, Senior Assistant Attorney General, Tallahassee, Florida, for Respondent.
PER CURIAM.
We have for review a decision of a district court of appeal on the following questions, which the court certified to be of great public importance:
Whether the concept of fundamental sentencing error, as discussed in Maddox v. State, 760 So.2d 89 (Fla.2000), applies to defendants who could have availed themselves of the procedural mechanism of the most recent amendments to Florida Rule of Criminal Procedure 3.800(b) set forth in Amendments to Florida Rules of Criminal Procedure 3.111(e) and 3.800 and Florida Rules of Appellate Procedure *1061 9.020(h), 9.140, and 9.600, 761 So.2d 1015 (Fla.1999).
Whether an appellant in the First District Court of Appeal, who could have availed himself of the procedural mechanism of the most recent amendments to Florida Rule of Criminal Procedure 3.800(b) set forth in Amendments to Florida Rules of Criminal Procedure 3.111(e) and 3.800 and Florida Rules of Appellate Procedure 9.020(h), 9.140, and 9.600, 761 So.2d 1015 (Fla.1999), had an obligation to raise his single subject challenge to the 1995 sentencing guidelines in the trial court, despite the existence of adverse precedent in Trapp v. State, 736 So.2d 736 (Fla. 1st DCA 1999), in order to later obtain appellate relief based on Heggs v. State, 759 So.2d 620 (Fla.2000).
Harvey v. State, 786 So.2d 28, 32-33 (Fla. 1st DCA 2001). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. We combine the certified questions into one question as follows:
Whether an appellant in the First District Court of Appeal, who could have availed himself of the procedural mechanism of the most recent amendments to Florida Rule of Criminal Procedure 3.800(b) set forth in Amendments to Florida Rules of Criminal Procedure 3.111(e) & 3.800 & Florida Rules of Appellate Procedure 9.020(h), 9.140, and 9.600, 761 So.2d 1015 (Fla.1999), may raise his single subject challenge to chapter 95-184, Laws of Florida, as fundamental error for the first time on appeal notwithstanding precedent from the First District Court of Appeal in Trapp v. State, 736 So.2d 736 (Fla. 1st DCA 1999), upholding the constitutionality of chapter 95-184, which was later overturned by the Florida Supreme Court during the briefing period.

FACTS
By information, it was alleged that Harvey, with premeditation, attempted to murder his wife Serena Simmons Harvey by shooting her on October 29, 1995. Harvey tendered and the court accepted a negotiated plea of guilty to the lesser included offense of aggravated battery. The agreement provided that Harvey would be adjudged guilty and placed on community control for two years, followed by probation for eight years during which time he was to have no contact with the victim. Harvey was sentenced according to the 1995 sentencing guidelines. On September 2, 1999, Harvey's probation supervisor filed an affidavit alleging that he had breached the conditions of his probation in two respects: (1) changing his address without obtaining consent from his probation officer; and (2) violating the "no contact" special condition. The trial court found that Harvey had violated the "no contact" condition, revoked his probation, and sentenced him to nine years in state prison. The sentencing guidelines score sheet used at sentencing contained a total of 120 sentencing points, which corresponded to a recommended sentencing range of 69 months to 115 months in prison. Notice of appeal was timely filed on December 3, 1999.
On February 10, 2000, appellate counsel for Harvey filed an initial brief in the First District Court of Appeal pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Seven days later, on February 17, 2000, we issued our decision in Heggs v. State, 759 So.2d 620 (Fla.2000), holding that chapter 95-184, Laws of Florida, the 1995 sentencing guidelines under which Harvey was sentenced, violated the single subject provision of article III, section 6, of the Florida Constitution. This decision overruled the First District's opinion in Trapp v. State, *1062 736 So.2d 736 (Fla. 1st DCA 1999), quashed, 760 So.2d 924 (Fla.2000), holding that chapter 95-184 did not violate the single subject rule.
In light of Heggs, Harvey's appellate counsel filed a motion to withdraw his Anders brief and filed an amended initial brief on the merits arguing that Harvey was entitled to be resentenced pursuant to Heggs. The First District granted the motion on March 22, 2000, and the State filed its answer brief on April 14, 2000, acknowledging that Harvey was entitled to resentencing under Heggs, which became final on May 4, 2000. Thereafter, this Court issued its decision in Maddox v. State, 760 So.2d 89 (Fla.2000), on May 11, 2000, wherein we held that certain unpreserved sentencing errors were fundamental and could be addressed for the first time on appeal if they fell within the window period between the enactment of section 924.051(3), Florida Statutes (Supp. 1996),[1] and the promulgation of the amended rules in Amendments to Florida Rules of Criminal Procedure 3.111(e) & 3.800 & Florida Rules of Appellate Procedure 9.020(h), 9.140, & 9.600, 761 So.2d 1015 (Fla.1999), reh'g granted, 761 So.2d 1025 (Fla.2000)(hereinafter "Amendments II"). On February 20, 2001, the First District Court of Appeal issued its opinion in Harvey v. State, 786 So.2d 595 (Fla. 1st DCA 2001) ("Harvey I"), wherein the court relied upon Maddox and held that Harvey failed to preserve his single-subject argument under Heggs because neither trial nor appellate counsel sought relief in the trial court pursuant to Florida Rule of Criminal Procedure 3.800(b). Harvey timely filed a Motion For Rehearing, Motion For Certification, and a Motion For Rehearing En Banc, and the State filed a Motion For Clarification. On May 1, 2001, the district court issued an opinion denying rehearing, rehearing en banc, and the State's request for clarification. See Harvey v. State, 786 So.2d 28 (Fla. 1st DCA 2001) (on rehearing) ("Harvey II").

ANALYSIS
In light of the Criminal Appeal Reform Act of 1996 (hereinafter the "Act") and our amendments to rule 3.800(b) promulgated by Amendments II, we stated that the goal of the Act was "to ensure that all claims of error [were] raised and resolved at the first opportunity," which was consistent with our policy "that sentencing errors should be handled by the trial courts at the earliest opportunity rather than on appeal or in the postconviction process." Maddox v. State, 760 So.2d 89, 95 (Fla.2000).[2] Thus, under the new rule 3.800(b)(2) of the Florida Rules of Criminal Procedure, if a notice of appeal has been filed, a motion to correct a sentencing error can also be filed in the trial court at any time until the filing of the first appellate brief.[3] We anticipated that *1063 the changes to rule 3.800(b) would "eliminate the problem of unpreserved sentencing errors raised on direct appeal"[4] by giving trial courts the opportunity to address and correct these errors. This would also eliminate the need for an appeal in many cases and reduce the number of postconviction motions related to sentencing and appeals therefrom resulting in the furtherance of judicial efficiency as well as ensuring the integrity of the judicial process. See Amendments II, 761 So.2d at 1019.
In Maddox we made allowances for those defendants who did not have the benefit of the amendment to rule 3.800(b):
The reason that courts correct error as fundamental despite the failure of the parties to adhere to procedural rules requiring preservation is not to protect the interests of a particular aggrieved party, but rather to protect the interests of justice itself. Thus, we conclude that for those defendants who did not have the benefit of our recently promulgated amendment to rule 3.800(b) in Amendments II, during this window period the appellate courts should continue to correct unpreserved sentencing errors that constitute fundamental error. To hold otherwise would neither advance judicial efficiency nor further the interests of justice.
Maddox v. State, 760 So.2d 89, 98 (Fla. 2000) (citation omitted). We thereafter indicated what types of sentencing errors could be addressed on appeal for the first time during the window period. See Maddox, 760 So.2d at 99-110. Our decision in Maddox advances the concept that fundamental sentencing error does not apply to defendants who could have availed themselves of the amendments to rule 3.800(b) as set forth in Amendments II; however, this concept does not trump fairness and due process and should not be used as a trap.
Harvey argues that to require him to raise a single subject challenge to chapter 95-184, Laws of Florida, by filing a motion to correct sentencing error pursuant to the amended rule 3.800(b) would have been a useless act because at the time that he filed his first appellate brief on February 10, 2000, the First District Court of Appeal's opinion in Trapp v. State, 736 So.2d 736 (Fla. 1st DCA 1999), was binding precedent. See Pardo v. State, 596 So.2d 665 (Fla.1992) (holding that district court decisions are binding upon Florida trial courts). The First District held on rehearing that because Harvey was on notice that this Court had accepted jurisdiction to review the single subject challenge to chapter 95-184, Laws of Florida, in Heggs v. State, 718 So.2d 263 (Fla. 2d DCA), review granted, 720 So.2d 518 (Fla.1998), his filing of a rule 3.800(b)(2) motion would not have been senseless because it would have preserved the issue. See Harvey II, 786 So.2d at 30-31.
We agree with Harvey that he should not be penalized for his appellate counsel's failure to file a rule 3.800(b)(2) motion based on speculation that our opinion in Heggs would disapprove the First District's decision in Trapp. Harvey had no sentencing error to complain of at the time he filed his Anders brief on February 10, 2000. We issued our decision in Heggs a week later, which created a unique situationa sentencing error developed that did not exist before the first brief was filed. In light of Heggs, Harvey then filed a motion to withdraw his Anders brief and *1064 filed an initial brief on the merits raising the Heggs issue two weeks later, notwithstanding the fact that the procedural rules promulgated in Amendments II were applicable to him. Due to the interests of justice, judicial efficiency, and the unique circumstances of this case, we permit Harvey to raise his Heggs error as a fundamental sentencing error for the first time on appeal. Accordingly, we vacate the sentence imposed in this case and remand this cause for resentencing in accordance with the laws in effect on October 29, 1995, the date on which Harvey committed his original offense.
We therefore quash the decision of the district court of appeal and answer the certified question in the affirmative for the limited purpose expressed herein.
It is so ordered.
ANSTEAD, C.J., PARIENTE, LEWIS and QUINCE, JJ., and SHAW, Senior Justice, concur.
PARIENTE, J., concurs specially with an opinion, in which ANSTEAD, C.J., concurs.
WELLS, J., dissents with an opinion, in which CANTERO, J., concurs.
PARIENTE, J., specially concurring.
I concur in the majority opinion, and write separately to discuss Justice Wells' concern that this decision "starts again down the path of exception" to the requirement that sentencing error be preserved. Dissenting op. at 1069. I do not share this concern because in my view, this case is not about "sentencing error" as the term has been used in our recent opinions, and therefore should not be seen as the start of a trend toward allowing unpreserved sentencing errors to be addressed when raised for the first time on appeal. Instead, this case concerns the facial invalidity of a statute negatively impacting the defendant's due process liberty interest, a species of error that we have consistently addressed as a constitutional issue.
To help explain the crucial distinction between a claim of "sentencing error" and an assertion that a sentencing statute is unconstitutional on its face, I briefly review the birth and growth of rule 3.800(b). The rule stems from the Criminal Appeal Reform Act of 1996 ("CARA"). As part of CARA, the Legislature enacted section 924.051, Florida Statutes, which provides in part:
An appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error. A judgment or sentence may be reversed on appeal only when an appellate court determines after a review of the complete record that prejudicial error occurred and was properly preserved in the trial court or, if not properly preserved, would constitute fundamental error.
§ 924.051(3), Fla. Stat. (Supp.1996). Thus, CARA recognized that fundamental error could still be corrected on direct appeal, even if not properly preserved. Before CARA, this Court had authorized correction of many sentencing errors on direct appeal, even absent an objection, and often without distinguishing fundamental from non-fundamental error. See Maddox v. State, 760 So.2d 89, 99 (Fla.2000). Concerned that the provisions of CARA would foreclose relief from many sentencing errors previously addressed by the appellate courts, this Court adopted rule 3.800(b),[5] which provides defendants an opportunity to file a motion to correct sentencing error *1065 within the thirty-day period for filing a notice of appeal. See Amendments to the Florida Rules of Appellate Procedure, 696 So.2d 1103, 1105 (Fla.1996) (Amendments I).
We stated in Amendments I that "[b]ecause many sentencing errors are not immediately apparent at sentencing, we felt that this rule would provide an avenue to preserve sentencing errors and thereby appeal them." Id. We also adopted Florida Rule of Appellate Procedure 9.140(d),[6] which requires that sentencing errors be preserved either through objection at the time of sentencing or by motion under rule 3.800(b). See id. at 1131.
In response to continuing concerns over the difficulty of discerning and moving to correct sentencing errors within the time specified in Amendments I, this Court adopted rule 3.800(b)(2), which authorizes the filing of a motion to correct sentencing error during the appeal, up to the point at which the party's first brief is filed and served. See Amendments to Florida Rules of Criminal Procedure 3.111(e) & 3.800 & Florida Rules of Appellate Procedure 9.020(h), 9.140 & 9.600, 761 So.2d 1015, 1018 (Fla.2000) (Amendments II). We explained that rules 3.800(b)(1) and (2) were intended to provide "an opportunity to identify any sentencing errors and a method to correct these errors and preserve them for appeal." Id. at 1018. Accordingly, we stated that the rule requires the movant to "propose how the trial court should correct the error." Id. We further stated:
The comments to the proposed rule state that "trial courts and counsel are strongly encouraged to cooperate to resolve these motions as expeditiously as possible because they delay the appellate process." Trial courts thus have the opportunity to address and correct sentencing errors, which might eliminate the need for an appeal in many cases and also reduce the number of postconviction motions related to sentencing and appeals therefrom.
Any delay to the appellate process caused by these amendments will be more than offset by the fact that the parties will now be given a workable procedure to correct these sentencing errors in the trial court before the appeal and to preserve these errors for appellate review. This early correction of these sentencing errors will further the goal of judicial efficiency as well as ensure the integrity of the judicial process.
Id. at 1018-19.
The interim between the effective date of the Act and our adoption of rule 3.800(b)(2) led to our decision in Maddox. There we held that appellate courts should correct "as fundamental error those serious, patent sentencing errors that have been brought to the courts' attention through the issues raised on appeal" during the window period between the enactment of the Act and the opinion in Amendments II, even if the error had not been preserved below by objection or motion under rule 3.800(b). Maddox, 760 So.2d at 110. We specified that the sentencing errors cognizable when raised initially on appeal during the Maddox window period include sentences exceeding the statutory maximum, improper habitualization, scoresheet errors that impact the length of incarceration, written orders that deviate from the oral pronouncement and thereby either increase the length of incarceration or incorrectly adjudicate the defendant guilty of an offense, and erroneous guidelines departure sentences. Id. at 101-07.
*1066 Separate from these standard types of sentencing errors, which are capable of being addressed and even "corrected" in the trial court, are facial attacks on the constitutional validity of sentencing statutes. For example, in State v. Johnson, 616 So.2d 1, 3-4 (Fla.1993), we held that an unconstitutional amendment to the habitual offender statute could be attacked for the first time on appeal because it concerned a "facial challenge to a statute's constitutional validity" that did not involve any factual application, and because the unconstitutional statute affected Johnson's due process liberty interest, making its application fundamental error. Id. at 3-4. In Heggs v. State, 759 So.2d 620, 624 (Fla. 2000), we concluded that "under this Court's reasoning in Johnson," the facial invalidity of the 1995 amendments to the sentencing guidelines could be addressed when the constitutional challenge was raised for the first time on appeal.
In considering the purpose for the adoption of rule 3.800(b), which is to provide a mechanism to raise and preserve all sentencing errors whether fundamental or not, I conclude that facial challenges to unconstitutional sentencing statutes do not involve sentencing errors that in all cases must be raised for the first time by an objection during sentencing or a motion to "correct sentencing error" pursuant to rule 3.800(b). I would therefore hold that, in cases in which there is no controlling precedent supporting the appellant's position at the time his or her first brief is filed in the appeal, a facial challenge to a sentencing statute may be raised initially on appeal as fundamental error in cases in which the allegedly defective statute is used to increase the sentence beyond that which would otherwise be authorized. I include the qualifying language because, in cases in which there is controlling precedent from this Court or a district court declaring the statute unconstitutional, the interests of justice and judicial efficiency weigh in favor of requiring that the issue be raised via timely objection or motion at the trial court level, where it may be resolved without the necessity of an appeal.
Under this test, the Heggs issue raised by Harvey in his direct appeal should be addressed even though Harvey did not first raise the issue in the trial court. In this case, the sentence imposed on Harvey pursuant to the facially unconstitutional guidelines amendments identified in Heggs resulted in a sentence of 9 years in prison, which exceeded the guidelines range of 4.875 years to 8.125 years in prison under the valid version of the guidelines in effect at the time of the commission of the crime. Harvey is therefore entitled to resentencing under Heggs. See 759 So.2d at 630.
As suggested by the majority, on these facts a rule 3.800(b)(2) motion would not have served the interests of justice or judicial economy. The trial court would have been compelled to deny the motion, which "must be served before the party's first brief is served." As pointed out in the majority opinion, at the time that Harvey's first brief was filed, the First District had ruled that the 1995 guidelines amendments were constitutional, creating binding precedent for the trial court. See majority op. at 1063. Therefore, both because a facial challenge to the constitutionality of a sentencing statute involves a pure question of law rather than the erroneous application of a sentencing statute, and because controlling precedent foreclosed relief at the time that the first brief was filed, requiring a motion to correct sentencing error under rule 3.800(b)(2) as a prerequisite to challenging the facial constitutionality of the statute in this case would not serve the purposes for which rule 3.800(b)(2) was adopted.
*1067 Finally, I note that in Brannon v. State, 850 So.2d 452, 2003 WL 21354797 (Fla. June 12, 2003), also decided today, we hold that the failure to contest the improper imposition of habitual offender sentences in the trial court barred appellate review of these issues, which could have been raised in a rule 3.800(b) motion. The issues in Brannon, unlike this case, do not concern the facial constitutionality of the statute under which the defendant was sentenced, and are not issues on which controlling law was contrary to the defendant's assertion of sentencing error at the time the initial brief was filed. In tandem with Maddox, Brannon should be viewed as setting forth the rule in this area of the law.
The exception we recognize in Harvey is quite narrow. As the author of the majority opinions in Maddox and Amendments II, I would not want the majority opinion in this case, and my concurrence in it, to be mistaken for the first step in the "path of exception" to which Justice Wells refers.
ANSTEAD, C.J., concurs.
WELLS, J., dissenting.
I dissent. I would answer "yes" to the questions certified by the district court. I would answer "no" to the question as rephrased by the majority.
The question presented in this case is whether we are going to adhere to the comprehensive procedural rules for review of alleged sentencing errors adopted by this Court in its rule amendment cases in Amendments to Florida Rules of Appellate Procedure, 696 So.2d 1103 (1996) (Amendments I), and Amendments to Florida Rules of Criminal Procedure 3.111(e) & 3.800 and Florida Rules of Appellate Procedure 9.020(h), 9.140, and 9.600, 761 So.2d 1015 (Fla.1999) (Amendments II), and the plain statements made by this Court in Maddox v. State, 760 So.2d 89 (Fla.2000). I do not concur with the majority's answer to the rephrased certified question because the majority rejects adherence to both the Amendments and Maddox decisions, and sets upon a course of finding "exceptions." This is precisely the course which Maddox expressly stated would not be taken after Maddox.
I do not know how Florida Rule of Appellate Procedure 9.140(e) could be more clearly stated.
(e) Sentencing Errors. A sentencing error may not be raised on appeal unless the alleged error has been brought to the attention of the lower tribunal:
(1) at the time of sentencing; or
(2) by motion pursuant to Florida Rule of Criminal Procedure 3.800(b).
(Emphasis added.)
In 1996, this Court specifically dealt with the implementation of this procedure:
Applying this rationale to the amendment of section 924.051(3), we believe the legislature could reasonably condition the right to appeal upon the preservation of a prejudicial error or the assertion of a fundamental error. Anticipating that we might reach such a conclusion, this Court on June 27, 1996, promulgated an emergency amendment designated as new Florida Rule of Criminal Procedure 3.800(b) to authorize the filing of a motion to correct a defendant's sentence within ten days. Amendments to Florida Rule of Appellate Procedure 9.020(g) & Florida Rule of Criminal Procedure 3.800, 675 So.2d 1374 (Fla.1996). Because many sentencing errors are not immediately apparent at sentencing, we felt that this rule would provide an avenue to preserve sentencing errors and thereby appeal them. However, since our adoption *1068 of the emergency amendment, a number of parties have expressed the view that the ten-day period is too short. They say that because of the copying process in the clerk's office or for other reasons, attorneys often do not timely receive copies of the sentencing orders. Others point out that as a result of the short time period, many public defenders are ordering expedited transcripts of the sentencing hearing at additional cost to the State. For these reasons, we have extended the time for filing motions to correct sentencing errors under rule 3.800(b) to thirty days.
Amendments I, 696 So.2d at 1105.
In 1999, in this Court's Amendments II opinion, this Court expanded the time within which claims of sentencing errors could be presented to the trial court by adopting revisions to rule 3.800(b). We also set out in the 1999 Amendments II opinion how rules 3.800(b) and 3.800(a) were to work.
Thus, a party can correct an illegal sentence through a rule 3.800(b) motion, or alternatively, following the appeal, a party may file a 3.800(a) motion to correct the sentence in the trial court.
Amendments II, 761 So.2d at 1019.
In Maddox, this Court recognized the preclusive plain language of rule 9.140, but because the limitation of time in the 1996 rule 3.800(b) had been expanded in the 1999 rule 3.800(b), this Court adopted a "window period" in which rule 9.140(e) would not be given its plain effect. But this Court also recognized that when the window shut, rule 9.140(e) was to be given its full effect.
[W]e conclude that for those defendants who did not have the benefit of our recently promulgated amendment to rule 3.800(b) in Amendments II, during this window period the appellate courts should continue to correct unpreserved sentencing errors that constitute fundamental error.
Maddox, 760 So.2d at 98 (emphasis added). In Salters v. State, 758 So.2d 667 (Fla. 2000), this Court likewise made it clear that the very type of error asserted in the present case had to be presented in the trial court after the window shut.
There is no doubt here that this is a post window-shutting appeal. The majority does not contest this. Rather, the majority embarks on the exception course by reasoning that "Harvey had no sentencing error to complain of at the time he filed his Anders brief on February 10, 2000."[7] Majority op. at 1063. Clearly though, as stated in Judge Wolf's opinion, this is wrong since the Heggs[8] issue was being reviewed by this Court at that time. To the contrary, there was no reason that the issue could not and should not have been presented to the trial court, if appellant intended to preserve it, in view of the clear language of rule 9.140(e), which stated that it had to be presented, and rule 3.800(b), which provided the procedural mechanism by which an allegation of error was to be presented.
The contemplation of the procedural scheme at the time of the Amendments II decision was that if the rules were not followed, then a defendant's recourse was through postconviction. This is what this Court said. There is simply no question that this was the decision made at that time in part because of the confusion which resulted from this Court and the district courts making ad hoc exceptions to the rules. The majority here errs when it is *1069 confronted with the tension on this unequivocal decision and it starts again down the path of exception.
CANTERO, J., concurs.
NOTES
[1] Section 924.051(3), Florida Statutes (Supp. 1996), reads as follows:

An appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error. A judgment or sentence may be reversed on appeal only when an appellate court determines after a review of the complete record that prejudicial error occurred and was properly preserved in the trial court or, if not properly preserved, would constitute fundamental error.
[2] Likewise, "the primary goal of [Amendments II was] to ensure that sentencing errors will be corrected at the earliest possible opportunity by the trial court." Amendments II, 761 So.2d at 1020.
[3] Rule 3.800(b)(2) of the Florida Rules of Criminal Procedure states in relevant part: "If an appeal is pending, a defendant or the state may file in the trial court a motion to correct a sentencing error. The motion may be filed by appellate counsel and must be served before the party's first brief is served."
[4] Maddox, 760 So.2d at 94.
[5] Now designated rule 3.800(b)(1).
[6] Now designated rule 9.140(e).
[7] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
[8] Heggs v. State, 759 So.2d 620 (Fla.2000).