STONE, J.
West appeals the denial of his motion to correct an illegal sentence under Florida Rule of Criminal Procedure 3.800(a).
The state concedes that West was improperly sentenced on a violation of probation by an increase on his guidelines score-sheet for the primary offense, from level 8 to level 9. The increase in scoresheet level was based on the Laws of Florida chapter struck down by Heggs v. State, 759 So.2d 620 (Fla.2000). Applying Heggs, the increase should not have been applied to West. Rather, the 1994 scoresheet must be applied.
Notwithstanding its substantive concession, the state points out, correctly, that relief was not properly sought under rule 3.800(a), which allows a trial court to correct an illegal sentence at any time, unless an appeal is pending or the party has available a 3.800(b) motion. The rule has *212 been amended twice to streamline and standardize the procedure, to cut down the number of sentencing errors raised on direct appeal, and to allow sentencing errors to be heard at the earliest opportunity. Amendments to the Florida Rules of Criminal Procedure 3.111(e) and 3.800 and Florida Rules of Appellate Procedure 9.020(h), 9.140, and 9.600, 761 So.2d 1015 (Fla.1999).
Although the rule expressly states that a motion to correct an illegal sentence under rule 3.800(a) may not be filed during the time allowed for the filing of a rule 3.800(b) motion, the supreme court, in Brannon v. State, 850 So.2d 452, 453 (Fla.2003), recognized that the application of fundamental error arising out of the facial unconstitutionality of a sentencing statute, as here, can be utilized to circumvent the 3.800(b) process by considering the illegal sentence on appeal. We note that the court, in Brannon, encouraged agreements between the state and defense to correct clear errors. Id. at 455.
In this case,, given the concession of substantive invalidity, nothing is to be gained by further delay. Discussing 3.800(b)’s mandate, the Supreme Court of Florida stated that although 3.800(b) removed the application of fundamental sentencing error for most defendants who could have availed themselves of the amendments to the rule, “this concept does not trump fairness and due process and should not be used as a trap.” Harvey v. State, 848 So.2d 1060, 1063 (Fla.2003).
While West should have employed a 3.800(b) motion in the trial court to challenge his unconstitutional sentence, we deem this appeal to fall within the Bran-non exception. In an analogous situation, where the state conceded that the law required a different sentence than that imposed, this court concluded that although preservation was usually required, the sentence imposed, in excess of the statutory maximum, was the type of fundamental sentencing error that could be raised on appeal absent preservation. J.C.R. v. State, 785 So.2d 550, 551 (Fla. 4th DCA 2001)(citing Maddox v. State, 760 So.2d 89, 96 (Fla.2000)).
We, therefore, reverse and remand for re-sentencing.
GUNTHER and POLEN, JJ., concur.