LAWSON, J.
Kenneth M. Robinson appeals his judgment and sentence for criminal solicitation to commit murder and solicitation to commit kidnapping. He argues that his convictions were obtained using DNA evidence introduced at trial in violation of the Fifth Amendment’s double jeopardy clause, as interpreted in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) and State v. Perkins, 349 So.2d 161 (Fla.1977).[1] Because the issue was not *255 preserved for appellate review, we affirm. Notwithstanding, we also find Robinson’s argument lacking in merit. .
Robinson was accused and convicted of soliciting another jail inmate (expected to soon be released) to kidnap and kill a thirteen-year-old child. The young girl had been the victim of a sexual battery, and Robinson was charged with that crime. While Robinson was in jail pending trial on the sexual battery charge, law enforcement officers came to collect a DNA sample from him, to test against DNA evidence collected from the girl’s body following her rape. It was after Robinson was notified of the existence of DNA evidence, when law enforcement collected the DNA sample from him, that he attempted to arrange for the girl’s kidnapping and murder. However, the inmate who Robinson attempted to hire for the killing notified law enforcement instead. Robinson was arrested on the solicitation charges after law enforcement further investigated to corroborate the informant’s account. This investigation included the surreptitious recording of a conversation between the informant and Robinson, to arrange details of the murder for hire.
With respect to the sexual battery charge, the State inexplicably failed to complete its DNA testing prior to trial. Therefore, the only evidence against Robinson, at that trial, was the girl’s testimony. And, Robinson was acquitted. After the sexual battery acquittal, the DNA testing was performed. According to the expert who testified at Robinson’s solicitation trial, the DNA sample taken from Robinson matched the semen swabbed from the vagina of the girl shortly after she reported the sexual battery. The expert estimated the chance of a random match between the DNA found in the semen sample and the DNA of someone other than Robinson at one in 120 quadrillion. The DNA evidence was admitted at the solicitation trial for the limited purpose of showing that Robinson had a motive to arrange a murder for hire, with the girl as the target. Appropriately, a limiting instruction was read to the jury. On appeal, Robinson argues that because he was acquitted of the sexual battery charge, it violated the Fifth Amendment’s double jeopardy clause to use any evidence of the acquitted crime, for any purpose, at his solicitation trial.
In Florida, it is well-settled that “[t]o be preserved for appeal, ‘the specific legal ground upon which a claim is based must be,, raised at trial and a claim different than that will not be heard on appeal.’ ” Spann v. State, 857 So.2d 845, 852 (Fla.2003) (quoting Rodriguez v. State, 609 So.2d 493, 499 (Fla.1992)). At trial, counsel objected to introduction of the DNA evidence as .irrelevant and because the State failed to provide a Williams rule notice.[2] Both objections were properly denied, and appellate counsel did not challenge the trial court’s rulings on the objections that were actually made at trial. Because Robinson’s trial counsel never objected to the DNA evidence on Fifth Amendment grounds, the issue was not preserved for appellate review. Therefore, the conviction and sentence must be affirmed. E.g., Hayden v. State, 833 So.2d 275 (Fla. 5th DCA 2002) (affirming sentence because issue presented on appeal was not preserved for review).
*256 Even if the issue were properly before this Court, Robinson would not be entitled to relief. In Perkins, our Supreme Court confirmed that “the double jeopardy clause of the Fifth Amendment to the U.S. Constitution does not forbid the admission of all evidence of acquitted collateral crimes, but only that evidence which the state is collaterally estopped from introducing.” 349 So.2d at 163. The Court further explained that “the Ashe rule forbids the admission in a subsequent trial of evidence of an acquitted collateral crime only when the prior verdict clearly decided in the defendant’s favor the issue for which admission is sought. ” Id. (emphasis added). The issue for which admission of the DNA evidence was sought in the trial below was Robinson’s motive to arrange for the kidnapping and murder of the young girl.[3] That issue was obviously not submitted to the jury in Robinson’s sexual battery trial, and was therefore clearly not decided by the prior jury’s verdict.
If the DNA evidence had been available for the sexual battery trial, it would have been introduced in that trial to prove that Robinson was the perpetrator of the sexual battery. However, Robinson’s identity as the perpetrator of the sexual battery was not at issue in the solicitation trial. The only issue to which the DNA evidence was relevant in the solicitation trial was Robinson’s motive to solicit the murder for hire. And, again, because the “issue for which admission [was] sought” was not decided by the prior acquittal, there was no double jeopardy violation when the DNA evidence was admitted on the limited issue of motive. Perkins, 349 So.2d at 163.
AFFIRMED.
TORPY and EVANDER, JJ., concur.

. In Perkins, our Supreme Court appeared to be applying the U.S. Supreme Court’s formulation of the Fifth Amendment's double jeopardy clause, as described in Ashe. However, our Supreme Court later clarified that "Perkins rests entirely on Florida law.” Burr v. State, 576 So.2d 278, 280 (citing Art. I, § 9, Fla. Const.). However, with respect to the point we address, we see no distinction between Florida and federal law. Therefore, we *255 simply refer to this as a Fifth' Amendment issue, for ease of discussion. The same analysis should apply under article 1, section 9 of the Florida Constitution.

. Williams v. State, 110 So.2d 654 (Fla.1959) cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959); § 90.404(2)(c)1, Fla. Stat. (2005) (requiring state to give ten-days notice of its intent to offer evidence at trial of defendant’s other criminal offenses).

. Significantly, the DNA evidence would have been highly probative on the issue of motive, irrespective of the test's results (and irrespective of Robinson's guilt or innocence on the sexual battery charge). In other words, the jury could very reasonably infer that when Robinson became aware of the existence of DNA evidence collected in the sexual battery case, and when detectives took a DNA sample from him for comparison, he would have known whether the evidence would be exonerating or incriminating immediately — before any testing was done. If the DNA results were negative, the jury could reasonably infer that Robinson would have had very little motive to arrange for the girl's kidnapping and killing because he would have needed to do nothing to secure his eventual acquittal and freedom. Rather, as soon as he provided a DNA sample, he would have been able to anticipate that the test's results would exonerate him of the charge.
Conversely, because the DNA results showed a match between Robinson and the semen sample taken from the girl, the jury could reasonably infer that Robinson had a compelling motive to arrange for the death of the girl — because, again, Robinson would have been able to predict the test results, and would have anticipated that the strength of the DNA evidence would make a conviction likely, as long as the girl was available to testify.